744 F.2d 1443
 40 Fed.R.Serv.2d 162
 D&H MARKETERS, INC., an Oklahoma corporation, Joe Lee
Investors, a partnership, Delbert Lee, John
Pinion, John L. Horne and David Fike,
Plaintiffs-Appellees,
v.
FREEDOM OIL & GAS, INC., an Oklahoma corporation, Cherryvale
Well Service, Inc., a Kansas corporation, Co-Kan Oil & Gas,
Inc., a Colorado corporation, John R. Housel, Ron Curran,
Tim Housel, Ken Darling, and Stan Karstetter, Defendants-Appellants,
John Campbell, Wayne Moore, Larry Forshee, Harry Cunningham
and James Bolt, Defendants.
D & H PETROLEUM MARKETERS, INC., an Oklahoma corporation,
Plaintiff-Appellant,
Joe Lee Investors, a partnership, Delbert Lee, John Pinion,
John L. Horne, and David Fike, Plaintiffs,
v.
FREEDOM OIL & GAS, INC., an Oklahoma corporation, Cherryvale
Well Service, Inc., a Kansas corporation, Co-Kan Oil & Gas,
Inc., a Colorado corporation, John R. Housel, Ron Curran,
Ken Darling, and Stan Karstetter, Defendants-Appellees,
John Campbell, Wayne Moore, Larry Forshee, Harry Cunningham
and James Bolt, Defendants.
 Nos. 83-1720, 83-1841.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 3, 1984.
 
 Michael L. Fought, Bartlesville, Okl., for defendants-appellants/cross appellees.
 Jay O. Gregg, Herrold, Gregg, Shelton & Herrold, Inc., Tulsa, Okl., for plaintiffs-appellees/cross appellants.
 Before HOLLOWAY, SETH, BARRETT, DOYLE, McKAY, LOGAN, SEYMOUR and McWILLIAMS, Circuit Judges.
 McKAY, Circuit Judge.
 
 
 1
 In accordance with 10th Cir.R. 9(e) and Fed.R.App.P. 34(a), these appeals came on for consideration on the briefs and record on appeal.
 
 
 2
 These two matters arise out of a complicated proceeding in the trial court involving multiple plaintiffs and defendants. The substantive allegations relate to state and federal securities violations, as well as common law fraud, in connection with the sale of working interest units in various oil and gas leases.
 
 
 3
 After several pretrial conferences and attempts by plaintiffs to secure discovery without judicial intervention, plaintiffs were forced to petition the court for assistance to obtain proper responses to their interrogatories, request for admissions and production of documents. Defendants were sanctioned once by the court for failure to comply with discovery orders, at which time defendants paid a portion of plaintiffs' attorneys' fees and costs. Both orally and in writing the judge warned counsel for the eight delinquent defendants that he would utilize whatever sanctions were statutorily available to him to keep the case progressing toward trial, absent good cause for delay. These eight defendants never did properly and fully respond to plaintiffs' discovery requests. Pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), the judge entered a default judgment as a sanction against the eight defendants for the amounts plaintiffs prayed for in their complaint. The default order did not adjudicate all the claims or rights and liabilities of all the parties. The order did not explicitly determine that there was no just reason for delay, or direct the entry of final judgment as required by Federal Rule of Civil Procedure 54(b) to effectuate an immediate appeal.
 
 
 4
 The affected defendants filed a notice of appeal from the trial court's order for default judgment. Plaintiffs filed a notice of cross-appeal from the trial court's refusal to enter an order for judgment awarding punitive damages against the involuntarily defaulted defendants.
 
 
 5
 These cases come to us at a time of widening concern in both trial and appellate courts about the fair and effective management of ever burgeoning dockets. There is a perceived growth in the use of sanctions at both levels to insure the performance of the recently heightened duties of attorneys and parties in the process of reasonable and expeditious disposition of cases.[1] We are concerned that the trial court's inherent powers, reinforced by the rules, including the employment of sanctions, to manage its docket be taken seriously. Thus, we consider this case in banc to determine whether we have jurisdiction to review sanction orders having a substantially preclusive effect on claims of one party but not terminating the entire action. Our objective is to decide whether we can provide more immediate support to the trial court's efforts by reviewing such sanctions on an interlocutory basis.[2] Although these sanctions did not terminate the entire matter, we must consider whether they are reviewable under the Cohen exception to the general rule of finality imposed on our jurisdiction by 28 U.S.C. Sec. 1291 (1982). Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). We recently applied the Cohen exception to a case involving preclusive sanctions imposed because of abusive conduct in discovery matters. Ohio v. Arthur Andersen & Co., 570 F.2d 1370 (10th Cir.1978).
 
 
 6
 Jurisdiction to consider an appeal is not discretionary but is circumscribed by 28 U.S.C. Sec. 1291, which has consistently been held to require the termination of all matters as to all parties and causes of action before an appeal may be taken. Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 373, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981). If we find "that the order from which a party seeks to appeal does not fall within the statute, [our] inquiry is over." Id. at 379, 101 S.Ct. at 676. The only exception to that rule, known as the "collateral order" exception, was originally set out in the Cohen decision. The Supreme Court has recently emphasized that this exception only applies to a "small class" of orders. Id. at 374, 101 S.Ct. at 673. Since the case below has not been finally terminated, the only question before us is whether the imposition of preclusive sanctions in this case falls within the narrow Cohen exception. That exception requires the congruence of three distinct components before an order can be considered "collateral" and thereby appealable. "[T]he order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978) (footnote omitted).
 
 
 7
 The Supreme Court has emphasized the limited circumstances which satisfy the stringent requirements of the Cohen exception. This is particularly evident in the narrowing view of the exception's applicability in criminal cases, even where important constitutional considerations are involved. The Court has applied the exception in only three instances: refusal to dismiss an indictment for violation of the double jeopardy clause, Abney v. United States, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), the speech or debate clause, Helstoski v. Meanor, 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979), and orders denying a motion to reduce bail, Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 1 (1951). The Court has refused to apply the exception to such important interests as a claim that a defendant's sixth amendment right to a speedy trial has been violated, United States v. MacDonald, 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978). The Court recently reaffirmed the narrowness of the exception by holding that a district court's pretrial disqualification of defense counsel in a criminal prosecution was not immediately appealable. Flanagan v. United States, --- U.S. ----, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984).
 
 
 8
 Although the order entered by the trial court in this case is subject, pursuant to Federal Rule of Civil Procedure 54(b), to revision at any time before the entry of judgment adjudicating the balance of the claims, for present purposes we can assume that the first element of the Cohen test, as refined in Coopers & Lybrand, is met. The trial court has effectively terminated the case as to these defendants. Likewise, we can assume without deciding that the orders appealed from, conclusively resolve an important issue completely separate from the merits of the action, thus satisfying the second element of the test.
 
 
 9
 Whether the third element of the test is met is a more difficult question and is determinative of our jurisdiction in this case. In Firestone, the Court emphasized that the order must also be effectively unreviewable on appeal from a final judgment. 449 U.S. at 376-77, 101 S.Ct. at 674-75. There, the Court held unreviewable on an interlocutory basis, the trial court's refusal to disqualify counsel, even though, if erroneous, the trial court's order could result in a complete retrial. The Court indicated that even though the order may be wrong, the remedy would be for the appellate court to wait until the trial is completed, vacate the judgment and order a new trial. Id. at 378, 101 S.Ct. at 675. Mere error in the order does not satisfy the requirement that the order be effectively unreviewable on appeal. Indeed, as a practical matter, the effect of the order in this case is no different from the typical case in which the trial court has either adjudicated the merits or granted summary judgment as to some, but not all claims and parties. The effect of the order is merely to direct entry of default judgment which is, like other circumstances in which default judgment is entered as to some but not all claims, not enforceable by the prevailing party until the entire case is terminated and the usual protections of appeal and potential for a new trial are available. The dangers of duplicating the trial court's efforts are no different here than in cases where the trial court adjudicates some, but not all, of the claims by way of summary judgment, decision on the merits, or evidentiary ruling which in effect prevents a party from going forward. If the trial court is concerned about duplication in the event of error, in appropriate cases it has available the ameliorating provisions of Federal Rule of Civil Procedure 54(b), which would permit the court to make express findings and explicitly enter a final judgment as to some of the claims, thus creating appellate jurisdiction in this court. That rule permits the trial court to be its own best judge of the potential for wasteful effort by proceeding with the balance of the case after having partially terminated the case.
 
 
 10
 The potential for wasting the trial court's time by not permitting an appeal until the balance of the claims are adjudicated is more than offset in sanction cases by the potential for wasting the appeal court's time even if we had jurisdiction to consider these sanction cases by way of immediate appeal. In complicated multiple party cases, the potential exists for repeated sanctions over an extended period of time, each one of which could result in an immediate appeal to this court. The potential also exists that, even though preclusive in effect, some sanctions could be revised pursuant to Rule 54(b) if, as the trial develops, the trial court becomes more fully informed and revises its judgment about the entry of the sanction. Thus, appeal time would be wasted in such cases.
 
 
 11
 In addition, strict adherence to the requirements of 28 U.S.C. Sec. 1291 will have the collateral effect of reinforcing the necessary deference to the trial court's broad discretion in managing cases, including the imposition of sanctions. Attorneys and parties will be fully aware that they must bear the burden of sanctions to the conclusion of the case and appeal on the merits of the fully adjudicated case with no more hope of reversing the sanction order on appeal than normally attends an appeal asserting abuse of a broad trial court discretion.
 
 
 12
 Our decision in Ohio v. Arthur Andersen & Co., 570 F.2d 1370 (10th Cir.1978), is not contrary to the result reached here. We did not there, nor in light of the Supreme Court decisions concerning the applicability of the Cohen rule could we, establish a broad rule permitting interlocutory appeal of sanction orders which have a preclusive effect as to some issues, claims, or parties without the final termination of the entire matter. In that case we were concerned with an order which if complied with would have arguably put the complaining party in violation of foreign law. If such an injury were erroneously imposed and left until the end of the entire case, we would be unable to ameliorate the consequences on the delayed appeal. The decision implicated principles of comity and attendant problems of denial of effective review on later appeal. This distinguishes the facts of that case from the run-of-the-mill preclusive sanction decision which we have before us in the present case.
 
 
 13
 We do not mean to imply that there would never be any circumstance in which a sanction order would be appealable under the Cohen exception. However, we are compelled by Congress' decision defining the scope of our appellate jurisdiction, as interpreted by the Supreme Court, to strictly enforce the requirement that such cases meet all three prongs of the test for exception from the rule that the entire matter must be concluded before appeal may be taken on a collateral matter. As important as the need to reinforce efforts to manage dockets may be, 28 U.S.C. Sec. 1291 does not grant us jurisdiction to review these orders piecemeal even in light of the Cohen exception. In the absence of jurisdiction, we have no choice but to dismiss the appeal.
 
 
 14
 DISMISSED.
 
 
 
 [1]
 Of particular note are the recent amendments to Rules 7, 11, 16 and 26, Federal Rules of Civil Procedure. These amendments not only enhance and clarify the duties of attorneys and parties but substantially revise and expand the court's control over pending litigation, including the reemphasis of the court's inherent power to impose sanctions where necessary
 
 
 [2]
 Simultaneously we have considered on the merits In the Matter of the Sanction of Jay C. Baker and Michael Carson, 744 F.2d 1438 (10th Cir.1984), 83-1246, filed on the same date as this opinion