936 F.2d 582
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
ALVARADO PARTNERS, L.P., Plaintiff-Appellant,
v.
Rajiv P. MEHTA, John Hoxmeier, James E. Brownhill, Robert A.
Rademacher, Charles F. Smith, 3CI Incorporated,
Hanifen, Imhoff Inc., Defendants-Appellees,
v.
HANIFEN, IMHOFF INC., Third-party-plaintiff-Appellee,
v.
DELOITTE, HASKINS & SELLS, Third-party-defendant-Appellee,
 No. 89-1321.
 United States Court of Appeals, Tenth Circuit.
 June 17, 1991.
 
 Before SEYMOUR, BARRETT and STEPHEN H. ANDERSON, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 Alvarado Partners, L.P. ("Alvarado"), appeals a district court order denying approval of a partial settlement. We dismiss the appeal.
 
 BACKGROUND
 
 2
 Alvarado brought this class action to recover damages for alleged violation of the federal securities laws. Alvarado represents a class which purchased stock in 3CI Inc. ("3CI") during the period February 24, 1987 to July 30, 1987. The defendants are: 3CI and its directors; Hanifen, Imhoff Inc. ("Hanifen"), the managing underwriter of a March 18, 1987 public offering of 3CI common stock; and Deloitte, Haskins & Sells ("DHS"), 3CI's accountants. Alvarado alleges[1] that defendants made or participated in the making of materially misleading statements about 3CI which artificially increased the price of 3CI common stock and thereby injured the class.
 
 
 3
 A year after bringing suit, Alvarado reached a partial settlement with 3CI and its directors (the "settling defendants"). The proposed settlement was conditioned on the district court entering an order cutting off any cross-claims against the settling defendants, including claims for contribution and indemnity. In addition, Alvarado conditioned its acceptance of the settlement upon the requirement that the settlement proceeds would be credited dollar-for-dollar (pro tanto) against any subsequent judgment for damages obtained against the non-settling defendants.
 
 
 4
 On August 15, 1989, the district court held a hearing on Alvarado's motion for approval of the proposed partial settlement and plan of distribution. On September 15, 1989, the district court denied Alvarado's motion on three grounds, stating it could not
 
 
 5
 approve the proffered partial settlement because: (1) it requires application of the ill-conceived pro tanto rule; (2) certain pleaded and potential state claims cannot be "extinguished"; and (3) I cannot bar potential claims of non-parties to this action.
 
 
 6
 R.Vol. I, Tab 20 at 33.
 
 
 7
 Alvarado filed this interlocutory appeal seeking review of the portion of the district court order that rejected application of the pro tanto offset rule in favor of an offset calculation on the basis of proportional fault, i.e., the pro rata offset rule.
 
 DISCUSSION
 
 8
 Alvarado's appeal is moot. The district court's disapproval of the pro tanto offset rule constituted only one of its three rationales for rejecting the proposed partial settlement, and Alvarado does not here appeal the other grounds for rejection. In fact, Alvarado admits that settlement negotiations have been terminated and that it will proceed against all of the defendants at trial. Appellant's Brief at 16 ("there is no settlement which can 'proceed,' and trial will go forward with all defendants as parties"). As a result, Alvarado's appeal presents us with no justiciable case or controversy. Any decision on our part would be purely advisory, and thus contrary to Article III, Section 2 of the United States Constitution. Thournir v. Buchanan, 710 F.2d 1461, 1462-63 (10th Cir.1983).
 
 
 9
 Even if there were a scenario under which this case presented a justiciable controversy, we would still lack jurisdiction to consider this appeal. As a general rule, "to be final and appealable, the district court's judgment must end the litigation and leave nothing to be done except execute the judgment." Bender v. Clark, 744 F.2d 1424, 1427 (10th Cir.1984) (quoting Matter of Glover, Inc., 697 F.2d 907, 909 (10th Cir.1983)). See 28 U.S.C. Sec. 1291. While it is true, as Alvarado urges, that the "collateral order doctrine" established in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949), provides an exception to this general rule, Alvarado's appeal does not fit within the Cohen exception.
 
 
 10
 We have held that for a collateral order to be appealable under the Cohen exception, it must satisfy three independent requirements: "[T]he order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." D & H Marketers, Inc. v. Freedom Oil and Gas Inc., 744 F.2d 1443, 1445 (10th Cir.1984) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978)). Without considering or deciding whether the district court order satisfies the first two requirements, we hold that it clearly fails to satisfy the third one: it is not "effectively unreviewable on appeal from a final judgment."
 
 
 11
 Alvarado insists that the district court's decision with regard to the appropriate offset rule is effectively unreviewable. Alvarado argues that if it negotiates a new partial settlement based upon the pro rata offset rule, it will have agreed to the rule and will be barred from appealing its propriety. And, if it proceeds to trial against all of the defendants, the rejected partial settlement, and thus the question of which offset rule should apply to such a settlement, will be moot.
 
 
 12
 We reject this reasoning. The question is not whether there are scenarios under which a district court's non-final order will not be reviewed. There always are. As noted above, Alvarado is quite right in asserting that its choice to proceed to trial against all of the defendants renders the partial settlement offset issue unreviewable. Note, however, that Alvarado's decision to proceed is effectively a decision not to preserve its appeal of that issue. Alvarado is not correct in asserting that the negotiation of a partial settlement based upon the pro rata rule required by the district court would be unreviewable. If Alvarado negotiated such a settlement and then prevailed on the merits at trial, it could freely appeal the offset rule imposed by the district court. In short, Alvarado complains of risk, not unreviewability. We therefore hold that the district court's refusal to apply the pro tanto offset rule to a partial settlement in this case is not effectively unreviewable on appeal from a final judgment. As a result, the district court's order does not fall within the Cohen exception and Alvarado's appeal is not within our appellate jurisdiction.
 
 
 13
 Accordingly, we DISMISS the appeal.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 It was actually Hanifen, acting as a third-party plaintiff, that filed against DHS as a third-party defendant