PER CURIAM.
 

 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.
 
 See
 
 Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.
 

 The question presented by this appeal is whether an order of the federal district court remanding a matter to the bankruptcy court for further consideration of a request for payment of administrative expenses under 11 U.S.C. § 503 (Supp. V 1981) is final and appealable for purposes of appellate jurisdiction.
 

 On July 3,1980, Glover, Inc. (debtor) filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. Earlier the same day, Glover had written checks on an account it held with First Bank of Billings,
 
 *908
 
 Montana (Billings). The checks purportedly went to cover payroll, supplies, and other expenses. Billings honored these checks, not knowing of the bankruptcy filing. On July 14,1980, Billings received notice of the bankruptcy filing.
 

 In order to receive priority treatment for its claims, Billings made demand on the estate for the amount of the checks as administrative expenses under 11 U.S.C. § 503. The bankruptcy court denied Billings’ request, and Billings appealed to the United States District Court.
 

 Upon reviewing the bankruptcy court’s brief order,
 
 [1]
 
 the district court found it impossible to ascertain the basis of the ruling. It was unable to determine whether the bankruptcy court had considered a line of cases recognizing that an unapproved loan to a corporate debtor in bankruptcy may receive priority, in unusual circumstances, as an expense of administration. Accordingly, the district court entered the following order: “This case is hereby remanded to the Bankruptcy Court for further proceedings wherein the court is to consider whether the circumstances in this case warrant the treatment of First Bank of Billings’ loans to Glover as administrative expenses.” Albuquerque National Bank, the respondent below and a secured creditor, filed a timely notice of appeal from the district court’s order.
 

 Appellate jurisdiction in bankruptcy matters was formerly governed by section 24 of the Bankruptcy Act of 1898, 11 U.S.C. § 47 (1976) (repealed 1979). Section 24(a) allowed appeals as a matter of right from either interlocutory or final orders in bankruptcy proceedings in a district court.
 
 FDIC v. Hogan (In re Gulfco Investment Corp.),
 
 593 F.2d 921, 926 (10th Cir.1979). In 1979, however, Congress repealed the Bankruptcy Act and its jurisdictional provisions. Bankruptcy Reform Act of 1978, Pub.L. No. 95-598, § 401(a), 92 Stat. 2549, 2682 (Reform Act). The Reform Act gives appellate courts jurisdiction over “an appeal from a
 
 final
 
 judgment, order, or decree of an appellate panel created under section 160 [of the Reform Act] or a District Court of the United States.” 28 U.S.C. § 1293(b) (Supp. II 1978) (emphasis added). Although the repeal of our former jurisdictional grant took effect on October 1, 1979, Reform Act § 402(a), Congress specified that our new jurisdictional grant under 28 U.S.C. § 1293(b) would not become effective until April 1, 1984, Reform Act § 402(b).
 

 Congress did not leave this jurisdictional gap wholly unfilled. The Reform Act specified that cases in bankruptcy commenced prior to the Act’s effective date would generally be governed by the provisions of the Bankruptcy Act. Reform Act § 403(a). Additionally, Congress provided that certain of the Reform Act’s jurisdictional and procedural provisions would be effective during the transition period between October 1, 1979, and April 1, 1984.
 
 See id.
 
 § 405. The only discussion of our jurisdiction during the transition period is set out in section 405(c), which provides that:
 

 “(1) During the transition period, an appeal from a judgment, order, or decree of a United States bankruptcy judge shall be—
 

 “(A) if the circuit council of the circuit in which the bankruptcy judge sits so orders for the district in which the bankruptcy judge sits, then to a panel of three bankruptcy judges appointed in the manner prescribed by section 160 of title 28 of the United States Code, as added by section 201 of this Act;
 

 “(B) if the parties to the appeal agree to a direct appeal to the court of appeals for such circuit, then to such court of appeals; or
 

 
 *909
 
 “(C) to the district court for the district in which the bankruptcy judge sits.
 

 “(2) During the transition period, the jurisdiction of the district courts, the courts of appeals, and panels of bankruptcy judges to hear appeals shall be the same as the jurisdiction of such courts and panels granted under the amendments made by section 236 [enacting section 1293 of this title], 237 [amending section 1294 of this title], 238 [amending section 1334 of this title], and 241 [enacting this chapter] of this Act to hear appeals from the judgments, orders, and decrees of the bankruptcy courts established under section 201 of this Act [enacting chapter 6 of this title].”
 

 Reform Act § 405(c).
 

 The case before us was commenced in 1980. Thus, if we have jurisdiction apart from the general jurisdictional grants provided by 28 U.S.C. § 1291 (1976), it must be conferred by section 405(c). After examining that section, we conclude that it does not address the current situation. Section 405(c) specifically confers transition period jurisdiction over appeals from judgments, orders, or decrees of bankruptcy judges. Section 405(c)(2) provides that “[d]uring the transition period, the jurisdiction of ... the courts of appeals ... to hear appeals shall be the same as the jurisdiction ... granted [by this Act]
 
 to hear appeals from
 
 the judgments, orders, and decrees of
 
 the bankruptcy courts.”
 
 (Emphasis added). Although not entirely clear, this language appears to refer only to court of appeals jurisdiction to hear appeals from the bankruptcy courts; it does not address appeals from the district courts in bankruptcy matters.
 
 [2]
 
 The House Report relating to the transition period states that “[t]he procedure in the transition [bankruptcy] court will also be the same as the procedure established under [this Act] for the new [bankruptcy] court system. Appeals will be governed by the same standards as well.” H.R.Rep. No. 595, 95th Cong., 2d Sess. 460,
 
 reprinted in
 
 1978 U.S. Code Cong. & Ad.News 5787, 5963, 6416. This scant legislative history also suggests that section 405(c) was intended only to address appeals from the bankruptcy courts.
 
 [3]
 
 We hold that section 405(c) of the Reform Act does not confer transition-period jurisdiction over appeals from the district courts to the courts of appeals. Thus, neither the Bankruptcy Act nor the Reform Act gives us jurisdiction over this case.
 

 The question remains whether we have jurisdiction under any other statutory provision. Section 1291 gives us jurisdiction over final decisions of the district courts. To be final and appealable, the district court’s judgment must end the litigation and leave nothing to be done except execute the judgment.
 
 Catlin v. United States,
 
 324 U.S. 229, 233, 65 S.Ct. 631, 633-34, 89 L.Ed. 911 (1945).
 
 See Bader v. Bader & Bader (In re Bader),
 
 unpublished No. 82-1159, slip op. at 4 (10th Cir. April 26, 1982);
 
 see also Century Laminating, Ltd. v. Montgomery,
 
 595 F.2d 563, 567 (10th Cir.),
 
 cert. dismissed,
 
 444 U.S. 987, 100 S.Ct. 516, 62 L.Ed.2d 417 (1979). Remand of a case for further proceedings is ordinarily not
 
 *910
 
 appealable because it is not a final decision.
 
 See Pauls v. Secretary of the Air Force,
 
 457 F.2d 294 (1st Cir.1972). This rule holds true in the bankruptcy context as well.
 
 In re Bader.
 
 Albuquerque National Bank seeks review of an order remanding a matter to the bankruptcy court for further consideration. This order requires further steps to be taken to enable the court below to adjudicate the cause on the merits. Therefore, it is not final.
 
 [4]
 

 This order also is not appealable under the collateral order exception established in
 
 Cohen v. Beneficial Industrial Loan Corp.,
 
 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). It does not conclusively determine the disputed question, nor does it resolve an important issue completely separable from the merits of the action, and it will be reviewable on appeal from final judgment.
 
 See Coopers & Lybrand v. Livesay,
 
 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978).
 
 [5]
 
 A decision by the bankruptcy court after the further proceedings will merge with all prior decisions in this case, and will be subject to appellate review.
 

 For the foregoing reasons, this appeal is dismissed.
 

 [1]
 

 . The bankruptcy court’s order, in its entirety, stated:
 

 “The above cause having come on for hearing before this court on the application of First Bank-Billings, Montana, for payment of its claim as an expense of administration, and the court being fully advised herein, hereby enters the following: IT IS HEREBY ORDERED that the application for payment of the claim of First Bank-Billings, Montana, as priority expense of administration, be and the same hereby is denied as a priority expense, but shall be allowed as an unsecured claim in the amount of its proof of claim filed herein.”
 

 [2]
 

 . The question of Reform Act section 405(c)’s effect has received little consideration to date from the federal courts. Two courts of appeal have applied § 1293(b) in appeals from district courts without examining the issue of transition period jurisdiction. See
 
 generally Growth Realty Cos. v. Regency Woods Apts. (In re Regency Woods Apts. Ltd.),
 
 686 F.2d 899, 901-02 (11th Cir.1982) (applying § 1293(b) without discussion to dismiss appeal from non-final order of district court);
 
 Universal Minerals, Inc. v. C.A. Hughes & Co.,
 
 669 F.2d 98, 100-01 & nn. 2, 3 (3d Cir.1981) (applying § 1293(b) without discussion in an appeal of final order of district court).
 

 [3]
 

 . See
 
 generally Riddervold v. Saratoga Hosp. (In re Riddervold),
 
 647 F.2d 342, 343-44 (2d Cir.1981) (in appeal from bankruptcy court order, portion of § 1293(b) found not to be activated during transition period);
 
 Stewart v. Kutner (In re Kutner),
 
 656 F.2d 1107, 1110-12 (5th Cir.1981) (applying and discussing § 1293(b) in direct appeal from bankruptcy court under Reform Act § 405(c)(1)(B)),
 
 cert. denied,
 
 455 U.S. 658, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982).
 

 [4]
 

 . Section 24 of the old Bankruptcy Act would have given us jurisdiction because of its “astonishing departure from the final judgment rule,” 1
 
 Collier on Bankruptcy
 
 ¶ 3.03[7][b] at 3-290 (1982) (quoting 9 J. Moore & B. Ward,
 
 Moore’s Federal Practice
 
 ¶ 110.10[5] (2d ed. 1978)). The comparable jurisdictional provision of the Reform Act clearly will not provide express jurisdiction over collateral matters.
 
 See
 
 28 U.S.C. § 1293 (1976).
 

 [5]
 

 . The
 
 Cohen
 
 collateral order doctrine was developed in the context of appeals pursuant to 28 U.S.C. § 1291,
 
 see Cohen v. Beneficial Industrial Loan Corp.,
 
 337 U.S. 541, 545-47, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); and we examine it here in that context. Whether it will apply to appeals under 28 U.S.C. § 1293(b) is a question we need not address in this case.