771 F.2d 1373
 13 Collier Bankr.Cas.2d 473, 13 Bankr.Ct.Dec. 691,
Bankr. L. Rep. P 70,700
 In the Matter of COMMERCIAL CONTRACTORS, INC., Debtor.
HOMA LTD., Assignee of Wagco, Inc., and Wagco, Inc., Appellants,
v.
Helen R. STONE, Trustee for Commercial Contractors, Inc., Appellee,
Dowdle Sheet Metal Company, Intervenor-Appellee.
 No. 83-2408.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 16, 1985.
 
 Philip A. Harley of Martin, Shannon & Drought, Englewood, Colo., for plaintiffs-appellants.
 Paul G. Quinn, Denver, Colo., for defendant-appellee.
 Richard J. Bernick of Bernick & Moch, Denver, Colo., for intervenor-appellee.
 Before HOLLOWAY, Chief Judge, SEYMOUR, Circuit Judge, and BOHANON,* District Judge.
 SEYMOUR, Circuit Judge.
 
 
 1
 This is an appeal from a district court order reversing a bankruptcy court's denial of a motion to intervene. Dowdle Sheet Metal Company sought to intervene in an adversary proceeding brought by Homa Ltd. and Wagco, Inc. against the bankruptcy trustee, Helen Stone. After denying intervention, the bankruptcy court approved an order of settlement in that proceeding that rescinded an agreement between Dowdle and Stone. Dowdle appealed to the district court, which concluded that Dowdle was entitled to intervention of right under Fed.R.Civ.P. 24(a). The court vacated the order approving settlement and remanded the case to the bankruptcy court with directions to grant Dowdle's motion to intervene and to conduct de novo hearings. Homa and Wagco appeal. We conclude that the district court order is not final, and that we are therefore without jurisdiction to hear this appeal.
 
 
 2
 Prior to the Bankruptcy Reform Act of 1978, appellate courts had jurisdiction to hear appeals from both interlocutory and final orders. 11 U.S.C. Sec. 47 (1976) (repealed 1979). See In re Glover, 697 F.2d 907, 908 (10th Cir.1983). The 1978 Act, as amended, limited appellate jurisdiction to final orders, providing as follows:
 
 
 3
 "(a) The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title....
 
 
 4
 "....
 
 
 5
 "(d) The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under [subsection (a) ] of this section."
 
 28 U.S.C.A. Sec. 158 (Supp.1985).[1]
 
 6
 The circuits agree that the above provisions limit the jurisdiction of the courts of appeals to reviewing final orders from the district court. See, e.g., In re Sambo's Restaurants, Inc., 754 F.2d 811, 813 (9th Cir.1985); In re Riggsby, 745 F.2d 1153, 1154 (7th Cir.1984). The courts are divided, however, on their assessment of finality within the context of bankruptcy appeals. The Third Circuit has concluded that "when the bankruptcy court issues what is indisputably a final order, and the district court issues an order affirming or reversing, the district court's order is also a final order for purposes of [section 158(d) ]." In re Marin Motor Oil, Inc., 689 F.2d 445, 449 (3d Cir.1982), cert. denied, 459 U.S. 1207, 103 S.Ct. 1196, 75 L.Ed.2d 440 (1983). This view has been adopted by one panel of the Ninth Circuit, see In re Sambo's, 754 F.2d at 814, and one panel of the Eighth Circuit, see In re Bestmann, 720 F.2d 484, 486 (8th Cir.1983).
 
 
 7
 The Seventh Circuit has rejected the above conclusion, holding that "a decision of the district court on appeal from a bankruptcy judge's final order is not itself final if the decision remands the case to the bankruptcy judge for significant further proceedings...." In re Riggsby, 745 F.2d at 1156. This position has been adopted by one panel of the Ninth Circuit, see In re Martinez, 721 F.2d 262, 265 (9th Cir.1983), one panel of the Eighth Circuit, see In re Hansen, 702 F.2d 728, 729 (8th Cir.) (per curiam), cert. denied, 463 U.S. 1208, 103 S.Ct. 3539, 77 L.Ed.2d 1389 (1983), the Fifth Circuit, see In re Emerald Oil Co., 694 F.2d 88, 89 (5th Cir.1982) (per curiam), and the Eleventh Circuit, see In re Regency Woods Apartments, Ltd., 686 F.2d 899, 901-902 (11th Cir.1982) (per curiam).
 
 
 8
 We find the Seventh Circuit's analysis persuasive. As a practical matter, the more traditional view of finality set out in In re Riggsby furthers the policy underlying the finality doctrine by controlling piecemeal adjudication and eliminating the delays caused by the appeal of interlocutory decisions.
 
 
 9
 "Because most proceedings before bankruptcy judges are summary, remands usually take little time to complete and it is therefore more efficient to wait till the bankruptcy judge is finished with the case--not necessarily with the bankruptcy, since a single bankruptcy can give rise to numerous claims which are litigable to final judgments appealable while the bankruptcy proceeding is still going on,--before bringing up the case to the court of appeals. If a district judge remanded a case for further proceedings that would take a week to complete, and the remand order was appealable and was upheld on appeal, a year or more might elapse before the proceedings on remand were concluded. Yet if those proceedings had been conducted without this interruption, then, depending on their outcome, there might be no appeal at all, and in any event there would be no chance of two appeals--one from the order of remand and the other from whatever order the district judge entered on appeal from the bankruptcy judge's final decision following remand."
 
 
 10
 In re Riggsby, 745 F.2d at 1155-56 (citation omitted). Applying conventional finality standards is in keeping with the Congressional intent to narrow bankruptcy appeals which appears to underlie the elimination in the 1978 Act of interlocutory appeals to the circuit courts.
 
 
 11
 Accordingly, we conclude that the district court order reversing the bankruptcy court and remanding for further proceedings is not a final order.[2] The appeal is dismissed for lack of jurisdiction.
 
 
 
 *
 Honorable Luther L. Bohanon of the United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 The Bankruptcy Reform Act of 1978 originally provided for appellate jurisdiction at 28 U.S.C. Sec. 1293(b) (Supp. II 1978). The Act was amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98-353, 98 Stat. 333 (July 10, 1984), which among other things added 28 U.S.C. Sec. 158(d) to the Judicial Code, apparently to replace 28 U.S.C. Sec. 1293(b). See In re Riggsby, 745 F.2d 1153, 1155 (7th Cir.1984). Sections 1293(b) and 158(d) are virtually identical, and the courts have accorded them the same meaning. See id.; In re Pacor, Inc., 743 F.2d 984, 987 n. 4 (3d Cir.1984)
 
 
 [2]
 We note that our decision in In re Glover, 697 F.2d 907 (10th Cir.1983), reaches the same result. That case, however, concerned our jurisdiction under 28 U.S.C. Sec. 1291 to review a district court order remanding a matter to the bankruptcy court during the transition period before the 1978 Act became effective