823 F.2d 548
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
SOVRAN BANK, N.A., a national banking association, Plaintiff-Appellee,
v.
Raymond L. ALLEN, Defendant-Appellant,
Elaine M. ALLEN, Defendant.
 No. 86-1221.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 25, 1987.
Decided June 25, 1987.
 
 William F. Burnside, on brief for appellant.
 Joseph Ray Mayes, Wolcott, Rivers, Wheary, & Kelly, on brief, for appellee.
 Before WIDENER, HALL and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Raymond L. Allen seeks to appeal the district court's order reversing and remanding this case to the bankruptcy court for further proceedings. Because we lack jurisdiction under 28 U.S.C. Sec. 158(d) to hear an appeal from such an order, we dismiss Allen's appeal.
 
 
 2
 The Allens filed a Chapter 7 petition in bankruptcy on 1 February 1985. Sovran Bank, N.A., then filed a complaint in the bankruptcy court to determine the dischargeability of a debt represented by a promissory note dated 11 June 1984. At trial on 12 September 1985 the bankruptcy court found Allen's written statements to be materially false but did not determine whether the statements were made with the intent to deceive Sovran. The bankruptcy court ordered the debt discharged because it found, without considering industry custom, that Sovran's efforts to verify the information in the statements were inadequate and therefore Sovran did not reasonably rely on the statements at the time it made the loans. See 11 U.S.C. Sec. 523(a)(2)(B)(iii) (1982). The bankruptcy judge also dismissed the complaint as to Elaine Allen; this dismissal has not been challenged. Sovran appealed the finding of dischargeability as to Raymond Allen to the district court.
 
 
 3
 The district court, after a hearing, reversed the bankruptcy court, holding that the bankruptcy court incorrectly created a verification requirement as a precondition to finding reasonable reliance on a prospective lendee's written statements. The district court then remanded the case to the bankruptcy court for further factfinding and a determination of whether the debt is dischargeable. Allen then noted his appeal to this Court.
 
 
 4
 Under 28 U.S.C. Sec. 158(d), this Court has jurisdiction of appeals from all "final decisions, judgments, orders, and decrees" in bankruptcy cases. A district court decision remanding a case to a bankruptcy judge for further proceedings will ordinarily not be considered final. See In re Commercial Contractors, Inc., 771 F.2d 1373 (10th Cir.1985).
 
 
 5
 In the present case we find that the function of the bankruptcy court on remand will be to hear more evidence to resolve factual issues and then redetermine whether the debt is dischargeable. Resolving these issues will require the further exercise of discretion by the bankruptcy court and the weighing of evidence. Under these circumstances, where the district court's order is intended to remand the case for further development of a record, we conclude that the district court's decision is not final for purposes of appeal. We therefore dismiss Allen's appeal. we dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 DISMISSED