889 F.2d 950
 In re MAGIC CIRCLE ENERGY CORPORATION, Debtor.
MAGIC CIRCLE ENERGY 1981-A DRILLING PROGRAM; Magic Circle
Energy 1982-83 Oil and Gas Equipment Partnership; Magic
Circle Energy 1981-B Drilling Program; Magic Circle Energy
1982-83 Private Drilling Program; Olympia 1980 Drilling
Program; and Magic Circle Energy 1982 Drilling Program,
Petitioners-Appellants/Cross Appellees,
v.
Paul B. LINDSEY, United States Bankruptcy Judge, Western
District of Oklahoma, Respondent-Appellee.
Wells Fargo Bank, N.A., Creditor-Appellee/Cross Appellant.
 Nos. 87-2626, 88-1075.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 17, 1989.
 
 David A. Cheek of McKinney, Stringer & Webster, P.C., Oklahoma City, Okl., for petitioners-appellants/cross-appellees.
 Michael Paul Kirschner (Jackie L. Hill, Jr., on the briefs), of Hastie and Kirschner, Oklahoma City, Okl., for creditor-appellee/cross-appellant.
 Before TACHA, BARRETT and BRORBY, Circuit Judges.
 BRORBY, Circuit Judge.
 
 
 1
 This case, a bankruptcy matter, comes before us on appeal from the district court's denial of a writ of prohibition, cross appeal of the district court's assumption of original jurisdiction, and a motion to dismiss the appeal.
 
 
 2
 The Magic Circle Energy 1981-A Drilling Program, et al. (Partnerships) applied to the District Court for the Western District of Oklahoma to assume original jurisdiction over the voluntary bankruptcy proceeding filed in bankruptcy court by Magic Circle Energy Corporation (Magic Circle). The Partnerships petitioned the district court for a writ of prohibition to prohibit the bankruptcy court from exercising in personam jurisdiction over the partnerships. The district court granted the application to assume original jurisdiction but denied the writ of prohibition. The Partnerships appeal the denial of the writ. Wells Fargo, principal secured creditor of Magic Circle, filed a motion to dismiss the Partnerships' appeal and then filed its own notice of appeal from the district court's order assuming jurisdiction. Finding that we lack jurisdiction of this matter, we dismiss.I. FACTS
 
 
 3
 This action arises from two interim orders issued by the Bankruptcy Court for the Western District of Oklahoma in the matter of Magic Circle Energy Corporation's voluntary bankruptcy petition. The appellants, certain limited partnerships of which Magic Circle is the sole general partner of each, filed special appearances and objections to the bankruptcy court's jurisdiction on the ground that compliance with its third interim order would affect the Partnerships' property and contractual rights, although the bankruptcy court had never obtained personal jurisdiction of the Partnerships. On May 18, 1987, the bankruptcy court issued its fourth interim order and overruled the Partnerships' objections to jurisdiction. The Partnerships did not appeal this order, but filed a motion for new trial on May 28, 1987. On July 16, the bankruptcy court issued an order denying the Partnerships' motion for a new trial. The Partnerships also failed to perfect an appeal of this order. Instead, on August 25, 1987, the Partnerships filed an application to the district court to assume original jurisdiction and a petition for a writ of prohibition to prohibit the bankruptcy court from exercising personal jurisdiction over the Partnerships.
 
 
 4
 On October 14, 1987, the district court issued an order assuming original jurisdiction but denying the writ of prohibition. The Partnerships appealed this order to this court on October 26, 1987, and Wells Fargo filed a motion to dismiss the appeal on November 16, 1987. Subsequently, Wells Fargo filed its cross appeal.
 
 
 5
 The Partnerships claim essentially that the bankruptcy court and the district court have ignored the distinction between Magic Circle the debtor and Magic Circle the general partner in these partnerships. The Partnerships argue that they have never voluntarily subjected themselves to the bankruptcy court's jurisdiction in the Magic Circle action, nor have they been sued in any adversary action arising out of Magic Circle's bankruptcy petition. Yet they claim that the bankruptcy court's orders require Magic Circle and Wells Fargo to take certain actions that will affect their (the limited partners') rights in oil and gas properties and that such orders exceed the court's jurisdiction. Believing the bankruptcy court's denial of their objections to jurisdiction was not a final, appealable order, the Partnerships applied to the district court to assume original jurisdiction in the matter and for a writ of prohibition against the bankruptcy court. They asserted they would be irreparably harmed if they were required to wait until some uncertain date in the future to appeal a final judgment in the case.
 
 
 6
 The district court granted the application to assume original jurisdiction, finding that its authority to issue a writ of prohibition under 28 U.S.C. Sec. 1651 could be exercised to protect its prospective appellate jurisdiction under 28 U.S.C. Sec. 158(a). See District Court's Order at 15 (citing In re Dalton, 733 F.2d 710, 716 (10th Cir.1984), cert. dismissed, 469 U.S. 1185, 105 S.Ct. 947, 83 L.Ed.2d 959 (1985); Erie Bank v. United States District Court for the District of Colorado, 362 F.2d 539, 540 (10th Cir.1966), abrogated in part on other grounds sub. nom., Liberty Nat'l Bank & Trust Co. v. Acme Tool Div. of the Rucker Co., 540 F.2d 1375, 1381 (10th Cir.1976)). Applying the guidelines adopted in this circuit for determining when an extraordinary writ should issue, the district court determined that the Partnerships had not met their heavy burden of qualifying for the writ. See District Court Order at 16-28 (citing guidelines adopted in In re Dalton, 733 F.2d at 716-17).
 
 
 7
 The Partnerships appeal this order of the district court, maintaining that the bankruptcy court's orders exceeded its jurisdiction with respect to them. Wells Fargo, on the other hand, maintains that the district court lacked jurisdiction to entertain the motion for the writ of prohibition, that in any event the Partnerships are not entitled to this extraordinary writ because they failed to pursue their adequate remedies at law, and that because the lower court lacked jurisdiction this court should dismiss the appeal. We agree we lack jurisdiction but for reasons other than those espoused by Wells Fargo.
 
 II. ANALYSIS
 
 8
 Prior to the Bankruptcy Reform Act of 1978 the circuit courts of appeals had jurisdiction of appeals from both interlocutory and final orders of the district courts in bankruptcy proceedings. However, under 28 U.S.C. Sec. 158(d), the courts of appeals now have jurisdiction of appeals only from final orders of the district courts.[1] The Tenth Circuit has interpreted "final order" for purposes of Sec. 158(d) in traditional finality terms, see In re Commercial Contractors, Inc., 771 F.2d 1373, 1375 (10th Cir.1985); In re Glover, Inc., 697 F.2d 907 (10th Cir.1983), rather than according to the more flexible standard adopted by other circuits for identifying "final orders" of bankruptcy judges. See, e.g., In re Sun Valley Foods Co., 801 F.2d 186, 189 (6th Cir.1986); In re Martin Bros. Toolmakers, Inc., 796 F.2d 1435, 1437-38 (11th Cir.1986); In re Sax, 796 F.2d 994, 996-97 (7th Cir.1986); In re Barrier, 776 F.2d 1298, 1299 (5th Cir.1985); In re Teleport, 759 F.2d 1376, 1377 (9th Cir.1985); In re Amatex Corp., 755 F.2d 1034, 1039-41 (3d Cir.1985); In re Leimer, 724 F.2d 744, 745 (8th Cir.1984); In re Saco Local Dev. Corp., 711 F.2d 441, 443-46 (1st Cir.1983). We have held that adhering to the more traditional view of finality for our review of district court orders, i.e., that "[t]o be final and appealable, the district court's order must end the litigation and leave nothing to be done except execute the judgment," In re Glover, 697 F.2d at 909 (citing Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)), furthers the policy underlying the finality doctrine by controlling piecemeal adjudication and eliminating delays caused by interlocutory appeals. In re Commercial Contractors, Inc., 771 F.2d at 1375. These results are "in keeping with the Congressional intent to narrow bankruptcy appeals" implicit in the elimination of our jurisdiction of interlocutory appeals by the 1978 Act. Id. Consequently, if the district court's order denying a writ of prohibition is not a "final order" within the meaning of Sec. 158(d) and our opinions construing that section, we have no jurisdiction of this appeal.
 
 
 9
 Denial of an application for writ of prohibition cannot be seen as an adjudication of a claim on the merits, at least where there is any other ground for the denial. See Pitchess v. Davis, 421 U.S. 482, 488, 95 S.Ct. 1748, 1752, 44 L.Ed.2d 317 (1975) (citing People v. Medina, 6 Cal.3d 484, 491, 99 Cal.Rptr. 630, 634, 492 P.2d 686, 690 (1972)). Here, the Partnerships sought a writ of prohibition on the ground that the bankruptcy court lacked jurisdiction of them. A writ of prohibition is an extraordinary remedy and its issuance is highly discretionary. A petitioner must show that his right to the writ is "clear and undisputable." In re Dalton, 733 F.2d at 716 (quoting Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 384, 74 S.Ct. 145, 148, 98 L.Ed. 106 (1953)).
 
 
 10
 In order to deny the writ, the District Court need not have held, nor indeed did it hold, that the bankruptcy court properly exercised jurisdiction of the Partnerships. Instead, the court found the Partnerships had failed to demonstrate that the bankruptcy court had "clearly exceeded" its jurisdiction in entering the fourth interim order. District Court's Order at 26. In fact, the court held that the Partnerships had failed to satisfy even the "threshold burden" of establishing they owned property or property rights over which the bankruptcy court had exercised jurisdiction. Id. Given that finding, it was unnecessary to determine the scope or propriety of the bankruptcy court's exercise of jurisdiction. The district court's denial of the writ, then, was not an adjudication of the merits of the Partnerships' claim and thus not a final order subject to appeal at this time.
 
 
 11
 Even if the district court's order could be considered an adjudication of Appellants' jurisdictional claim (and we do not hold that it was), it is nevertheless not a final order subject to immediate appeal. Denial of the writ in this case was analogous to a denial of a motion to dismiss for lack of jurisdiction. As Appellants themselves recognize, "denial of a motion to dismiss, even when the motion is based upon jurisdictional grounds, is not immediately reviewable." Appellants' Brief in Chief at 12 (quoting Catlin, 324 U.S. at 236, 65 S.Ct. at 635); see also Erie Bank, 362 F.2d at 540. Appellants' remedy is to challenge the bankruptcy court's exercise of jurisdiction by bringing an appeal from the final judgment ultimately rendered by that court. The district court recognized this when it held that the Partnerships had failed to demonstrate they had suffered any harm not correctable on appeal. District Court's Order at 24-25.
 
 
 12
 The district court's denial of the requested writ can also be seen as a remand to the bankruptcy court. By denying the writ the district court was refusing to interfere in the ongoing bankruptcy proceedings and in effect was remanding to that court to proceed with its adjudication of Magic Circle's bankruptcy petition. Viewed this way, and in light of our opinions in In re Commercial Contractors and In re Glover, the district court's order was non-final. As we held in In re Glover, "an order remanding a matter to the bankruptcy court for further consideration ... requires further steps to be taken to enable the court below to adjudicate the cause on the merits. Therefore, it is not final." 697 F.2d at 910.
 
 
 13
 Thus, whether viewed as a denial of an extraordinary writ on grounds other than the merits of the underlying claim, see Pitchess, 421 U.S. at 488, 95 S.Ct. at 1752, or as a denial of a motion to dismiss within the meaning of Catlin, 324 U.S. at 236, 65 S.Ct. at 635, or as a remand to the bankruptcy court, see In re Glover and In re Commercial Contractors, the district court's order was not "final" in the conventional sense. Accordingly, under 28 U.S.C. Sec. 158(d) we have no jurisdiction of this appeal.
 
 
 14
 Nor is the district court's order appealable under the collateral order exception to the final judgment rule. Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). To qualify for this limited exception, the order must conclusively determine the disputed question (here, the question of the bankruptcy court's jurisdiction), resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment. Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978); see also Blondin v. Winner, 822 F.2d 969, 973 (10th Cir.1987), cert. denied, 484 U.S. 1006, 108 S.Ct. 699, 98 L.Ed.2d 650 (1988); In re Glover, 697 F.2d at 910. Because a party seeking to appeal on this basis must show that all three requirements of the doctrine are satisfied, we need not address each if any one is not met. Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 375, 107 S.Ct. 1177, 1182, 94 L.Ed.2d 389 (1987).
 
 
 15
 We have already held that the district court's denial of the writ of prohibition was not an adjudication on the merits of the Partnerships' jurisdictional claim, but that even if it were the decision is subject to appellate review. Under the strict standards established by the Supreme Court, where the denial of immediate review does not render impossible any review whatsoever, i.e., where rights will not be irretrievably lost in the absence of an immediate appeal, collateral review is not available. See Blondin, 822 F.2d at 973 (citing Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 430-31, 105 S.Ct. 2757, 2760-61, 86 L.Ed.2d 340 (1985); Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 376, 101 S.Ct. 669, 674, 66 L.Ed.2d 571 (1981)). Thus, the district court's order is not appealable under Cohen and its progeny.
 
 
 16
 For the foregoing reasons, we hold that the district court's order denying a writ of prohibition was not a "final order" under 28 U.S.C. Sec. 158(d); hence, we have no jurisdiction of this appeal and no occasion to address the other contentions raised by the parties. Accordingly, we DISMISS.
 
 
 
 [1]
 28 U.S.C. Sec. 158 provides:
 (a) The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title....
 ....
 (d) The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under [subsection (a) ] of this section.