In re Steve A. BUCKNER, Debtor.

**FARMERS HOME ADMINISTRATION,**
**Appellee,**

v.

**Steve A. BUCKNER, Appellant.**

**No. 94–3091.**

United States Court of Appeals,
Tenth Circuit.

Sept. 14, 1995.

replaced with Sierra.

Connie R. DeArmond, Office of the United States Attorney, Wichita, KS, Samuel R. Maizel, United States Department of Justice, Civil Division, Washington, DC, for Farmers Home Administration.

Jan M. Hamilton, Hamilton, Peterson, Tipton & Keeshan, Topeka, KS, Leon Graves, Hamilton, Peterson, Tipton & Keeshan, Topeka, KS, Timothy J. Larson, Larson Law Offices, P.A., Iola, KS, for Steve A. Buckner.

Before MOORE, ANDERSON, and BALDOCK, Circuit Judges.

## ORDER

BALDOCK, Circuit Judge.

Debtor Steve A. Buckner appeals the district court's order reversing and remanding for further proceedings a decision of the bankruptcy court. Because we conclude the district court's order does not constitute a final order under 28 U.S.C. § 158(d), we dismiss the appeal for lack of jurisdiction.

The facts of this case are undisputed. On March 22, 1984, the Farmers Home Adminis-

tration (the "FmHA") loaned Debtor $98,000. Debtor later contracted with the Commodity Credit Corporation ("CCC") to enter his farmland in the Conservation Reserve Program ("CRP"). The CRP contract entitled Debtor to receive an annual payment of $5,562.20 for ten years in exchange for performing conservation activities on his farmland.

Debtor subsequently defaulted on his FmHA loan and filed a petition for relief under Chapter 13 of the Bankruptcy Code on November 1, 1990. The FmHA filed a proof of claim for approximately $128,079.65, and moved to lift the automatic stay to setoff Debtor's 1990 prepetition CRP payment and future postpetition CRP payments against FmHA's claim. The bankruptcy court granted the FmHA's motion to setoff Debtor's 1990 prepetition CRP payment but denied the FmHA's motion to lift the stay to setoff Debtor's postpetition CRP payments. The bankruptcy court ruled that the FmHA could not setoff Debtor's postpetition CRP payments against Debtor's prepetition FmHA loan debt because the obligations lacked the requisite mutuality for setoff under 11 U.S.C. § 553.[1]

On appeal the district court reversed the bankruptcy court. *In re Buckner,* 165 B.R. 942, 947 (D.Kan.1994). The district court determined that because Debtor's obligations on both the CRP contract and the FmHA loan arose prepetition, the obligations satisfied the mutuality requirement of § 553 of the Bankruptcy Code. *See id.* Consequently, the district court reversed the bankruptcy court's order denying the FmHA the right to setoff and "remanded to the bankruptcy court for a determination of whether the government is entitled to relief from the automatic stay under 11 U.S.C. § 362." *Id.* Debtor appealed the district court's order to this court.

We *sua sponte* ordered the parties to submit briefs addressing the jurisdictional ques-

---

1. Section 553 provides:

   (a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commence-

   ment of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case....

   11 U.S.C. § 553(a).

tion of whether the district court's order is appealable under 28 U.S.C. § 158(d). Debtor contends that the district court's order is final and appealable and that we have jurisdiction. Debtor's argument is without merit.

Our jurisdiction over this bankruptcy appeal must be based on 28 U.S.C. § 158 which provides in relevant part:

(a) The district courts of the United States shall have jurisdiction to hear appeals ... from final judgments, orders, and decrees ... and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

....

(d) The courts of appeals shall have jurisdiction of appeals from all *final* decisions, judgments, orders, and decrees entered under subsection[ ] (a) ... of this section.

28 U.S.C. § 158(a), (d) (emphasis added). Accordingly, when jurisdiction in the court of appeals is based on § 158(d), we have jurisdiction only when the district court decision appealed from is "final." *Id.* § 158(d). We have interpreted 'final order' for purposes of § 158(d) in traditional finality terms rather than adopting the more flexible standard of other circuits for identifying 'final orders' of bankruptcy judges. *Magic Circle Energy 1981–A Drilling Program v. Lindsey (In re Magic Circle Energy Corp.),* 889 F.2d 950, 953 (10th Cir.1989) (collecting cases). " '[T]o be final and appealable, the district court's order must end the litigation and leave nothing to be done except execute the judgment.' " *Id.* (quoting *In re Glover, Inc.,* 697 F.2d 907, 909 (10th Cir.1983)). A district court order reversing the bankruptcy court and remanding for significant further proceedings is not final and appealable under 28

U.S.C. § 158(d). *Balcor Pension Investors v. Wiston XXIV Ltd. Partnership (In re Wiston XXIV Ltd. Partnership),* 988 F.2d 1012, 1013 (10th Cir.1993). " 'Significant further proceedings' occur when the bankruptcy court undertakes more than mere 'ministerial' computations involving little judicial discretion." *Rubner & Kutner, P.C. v. United States Trustee (In re Lederman Enters., Inc.),* 997 F.2d 1321, 1323 (10th Cir.1993). "A remand for significant further proceedings includes one requiring de novo hearings, additional findings of fact concerning the dispositive issue in the case, or a determination of the amount of a claim." *Jones v. Jones (In re Jones),* 9 F.3d 878, 879 n. 2 (10th Cir.1993).

In the instant case, the district court ruled that the FmHA had established its right under § 553 of the Bankruptcy Code to setoff Debtor's postpetition CRP payments against the FmHA's claim on Debtor's defaulted FmHA loan. The automatic stay provision, however, prevents the FmHA from exercising its setoff right [2] unless the bankruptcy court determines the FmHA is entitled to relief from stay under 11 U.S.C. § 362(d). Thus, the district court remanded the case to the bankruptcy court to determine whether the FmHA is entitled to relief from the automatic stay to exercise its right of setoff.

The relief from stay provision permits the bankruptcy court, after notice and a hearing, to lift the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). On remand, therefore, the bankruptcy court must conduct a hearing, obtain evidence, and determine whether Debtor can provide the FmHA with adequate protection for its security interest [3] in the funds subject to setoff. *See generally In re Vitreous Steel Prods. Co.,* 911 F.2d 1223,

---

**2.** *See* 11 U.S.C. § 362(a)(7) (The filing of a petition for relief under the Bankruptcy Code "operates as a stay, applicable to all entities, of ... the *setoff of any debt* owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor.") (emphasis added).

**3.** The Bankruptcy Code converts the United States' right to setoff under § 553 to a secured

claim in the funds subject to setoff. *See* 11 U.S.C. § 506(a) ("An allowed claim of a creditor ... that is subject to setoff under section 553 of this title, is a secured claim ... to the extent of the amount subject to setoff ... and is an unsecured claim to the extent that the ... amount so subject to setoff is less than the amount of such allowed claim.").

1231–32 (7th Cir.1990) (explaining relief from stay procedure). Because the determination whether the FmHA is entitled to relief from stay under 11 U.S.C. 362(d) to exercise its right of setoff requires more than mere ministerial computations involving little judicial discretion, we conclude that the matters on remand constitute "significant further proceedings." Consequently, this appeal is jurisdictionally defective because the district court's order reversing and remanding to the bankruptcy court does not constitute a final order under 28 U.S.C. § 158(d).

APPEAL DISMISSED.