**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 24 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

In re:  CF&I FABRICATORS OF
UTAH, INC.,

     Debtor,

------------------------

CF&I FABRICATORS OF UTAH,
INC.,

     Appellant,

v.

CERTAIN FORMER EMPLOYEES OF
CF&I STEEL CORPORATION,

     Appellees.

No. 95-4184
(D.C. No. 94-CV-771)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Submitted on the briefs:[**]

---

[*]  This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Steven T. Waterman, Cameron M. Hancock, and Valerie A. Longmire of Ray, Quincey & Nebeker, Salt Lake City, Utah, for Appellant.

Dolores B. Kopel, Denver, Colorado, and L.R. Curtis, Jr. of Holme Roberts & Owen, LLC, Salt Lake City, Utah, for Appellees.

---

Before **BRORBY, HENRY** and **MURPHY**, Circuit Judges.

---

**BRORBY**, Circuit Judge.

---

Reorganized debtor CF&I Fabricators of Utah, Inc. appeals the district court's finding the notice of appeal to that court from the bankruptcy court was adequate. After finding the notice of appeal adequate, the district court reversed the bankruptcy court's decision and remanded to the bankruptcy court for further proceedings. Because the district court's order is not a final order under 28 U.S.C. § 158(d) (1988),[1] and no exceptions to the finality rule are applicable, we dismiss the appeal for lack of jurisdiction.

---

[1] Congress amended § 158 in 1994, slightly changing the relevant portions. *See* 28 U.S.C. § 158 (1994). However, the 1994 amendments are not applicable to this case because these bankruptcy proceedings commenced prior to the effective date of the amendments. *See id.* (Effective Date of 1994 Amendment). Therefore we cite to, and rely on, the prior version of § 158 contained in the 1988 edition of the United States Code.

The Appellees are a group of former employees of the debtor. They filed an application for payment of administrative expenses with the bankruptcy court, seeking severance benefits. After the bankruptcy court disallowed the application, the Appellees filed a "Motion for Reconsideration, to Reopen Record for Admission of Newly Discovered Evidence, and to Deposit Funds in Escrow Account." Upon the bankruptcy court's denial of that motion, they filed an appeal with the district court pursuant to 28 U.S.C. § 158(a).

CF&I Fabricators filed a motion to dismiss the appeal, contending the former employees' notice of appeal did not comply with the requirements of Bankruptcy Rule 8001(a), therefore rendering the district court without jurisdiction to hear the appeal. Bankruptcy Rule 8001(a) explicitly requires a notice of appeal from a bankruptcy court to a district court to "contain the names of all parties to the judgment, order, or decree appealed from." However, the notice of appeal did not contain the names of the individual former employees appealing the bankruptcy court decision; rather, it simply stated the appellants to be "Certain Former Employees of CF&I Steel Corporation [the debtor corporation prior to reorganization]." Failure to specifically name a party in the notice of appeal of a bankruptcy court decision is a jurisdictional bar to that party's appeal. *Storage Technology Corp. v. United States Dist. Court*, 934 F.2d 244, 247 (10th Cir. 1991).

However, relying on Fed. R. App. P. 3(c),[2] which has more lenient requirements for filing a notice of appeal than those of Bankruptcy Rule 8001(a), *Storage Technology*, 934 F.2d at 247, the district court denied CF&I Fabricators' motion to dismiss, holding the notice of appeal was sufficient to provide jurisdiction. Proceeding to the merits of the appeal, the court restated its finding of jurisdiction and reversed the bankruptcy court's holding that the former employees' failure to file timely administrative claims for severance benefits did not constitute excusable neglect. It then remanded the case to the bankruptcy court with instructions to (1) fix a time within which the former employees may file claims, (2) deny any claim filed by a former employee who knew or has stated he or she knew a claim for severance benefits was not going to be filed on his or her behalf by CF&I Steel, and (3) only permit those former employees who make a specific showing of detrimental reliance to file claims.

---

[2] Fed. R. App. P. 3(c) provides in pertinent part:

A notice of appeal must specify the party or parties taking the appeal by naming each appellant in either the caption or the body of the notice of appeal. An attorney representing more than one party may fulfill this requirement by describing those parties with such terms as "all plaintiffs," "the defendants," "the plaintiffs A, B, et al." or "all defendants except X." ... An appeal will not be dismissed for ... failure to name a party whose intent to appeal is otherwise clear from the notice.

Upon CF&I Fabricators' appeal to this court of the district court's decision regarding the sufficiency of the notice of appeal, we *sua sponte* requested the parties to submit briefs addressing the question whether the district court's order is final, which is generally a prerequisite to this court's exercise of appellate jurisdiction. *See* 28 U.S.C. § 1291 (1994); 28 U.S.C. § 158(d) (1988). CF&I Fabricators asserts three alternative grounds on which to premise jurisdiction: (1) the district court's order was a final order, (2) the district court's order is final in the practical or pragmatic sense, and (3) the district court's order is appealable under the collateral order doctrine. However, after thorough review, we conclude we are without jurisdiction to hear CF&I Fabricators' appeal.

Generally, 28 U.S.C. § 158 governs the jurisdiction of bankruptcy appeals. *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 252 (1992). It provides in relevant part:

> (a) The district courts of the United States shall have jurisdiction to hear appeals
>
> > (1) from final judgments, orders, and decrees;
> >
> > ....
>
> and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title....
>
> > ....
>
> > (d) The courts of appeals shall have jurisdiction of appeals

from all final[3] decisions, judgments, orders, and decrees entered
under subsection[] (a) ... of this section.

28 U.S.C. § 158(a), (d). Accordingly, with certain limited exceptions discussed

subsequently in this opinion, "when jurisdiction in the court of appeals is based

on § 158(d), we have jurisdiction only when the district court decision appealed

from is 'final.'" *Farmers Home Admin. v. Buckner (In re Buckner)*, 66 F.3d 263,

265 (10th Cir. 1995). "'[T]o be final and appealable, the district court's order

must end the litigation and leave nothing to be done except execute the

judgment.'" *Id.* (quoting *Magic Circle Energy 1981-A Drilling Program v.

Lindsey (In re Magic Circle Energy Corp.)*, 889 F.2d 950, 953 (10th Cir. 1989)).

The oft-stated rationale underlying this finality rule is the need to control

piecemeal adjudication and eliminate delays caused by interlocutory appeals.

*E.g.*, *In re Magic Circle Energy Corp.*, 889 F.2d at 953 (citing *Homa Ltd. v. Stone

(In re Commercial Contractors, Inc.)*, 771 F.2d 1373, 1375 (10th Cir. 1985)).

---

[3] Despite the reference only to "final" orders in § 158(d), interlocutory
orders issued by district courts sitting as appellate courts in bankruptcy are
appealable under 28 U.S.C. § 1292 if the district court certifies the order as
involving "a controlling question of law as to which there is substantial ground
for difference of opinion." 28 U.S.C. § 1292 (1994); *Balcor Pension Investors v.
Wiston XXIV Ltd. Partnership (In re Wiston XXIV Ltd. Partnership)*, 988 F.2d
1012 (10th Cir. 1993) (citing *Connecticut Nat'l Bank*, 503 U.S. 249); *Temex
Energy, Inc. v. Underwood, Wilson, Berry, Stein & Johnson*, 968 F.2d 1003, 1004
(10th Cir. 1992) (citing *Connecticut Nat'l Bank*, 503 U.S. 249). However, the
district court did not so certify the instant order for interlocutory review, and
therefore § 1292 does not grant us jurisdiction.

A district court order that includes a remand back to the bankruptcy court for "significant further proceedings" is not final and appealable. *Cascade Energy & Metals Corp. v. Banks (In re Cascade Energy & Metals Corp.)*, 956 F.2d 935, 937 (10th Cir. 1992). "'Significant further proceedings' occur when the bankruptcy court undertakes more than mere 'ministerial' computations involving little judicial discretion." *Rubner & Kutner, P.C. v. United States Trustee (In re Lederman Enters., Inc.)*, 997 F.2d 1321, 1323 (10th Cir. 1993) (quoting *State Bank v. Anderson (In re Bucyrus Grain Co.)*, 905 F.2d 1362, 1366 (10th Cir. 1990)). Here, the district court remanded for additional factual findings on whether any of the claimant employees knew CF&I Steel was not going to file a claim on their behalf and whether the former employees could make specific showings of detrimental reliance. Such activities will involve more than minimal judicial discretion and thus are significant further proceedings rather than mere ministerial tasks. *See Jones v. Jones (In re Jones)*, 9 F.3d 878, 879 n.2 (10th Cir. 1993); *In re Wiston XXIV Ltd. Partnership*, 988 F.2d at 1013 (listing examples of significant further proceedings). Therefore, the district court's order is not final.[4]

---

[4] CF&I Fabricators does not argue on appeal that we have jurisdiction over the district court's order under 28 U.S.C. § 1291, which also grants the courts of appeals jurisdiction over final district court orders when the district court is sitting as an appellate court in bankruptcy. *Connecticut Nat'l Bank*, 503 U.S. at 253. Therefore, we need not consider such a possibility. *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994) (failure to raise an issue in the opening brief waives the issue). In any event, we would likely reach the same

CF&I Fabricators contends the part of the district court's order refusing to grant its motion to dismiss is a separate and distinct dispute from the remand to the bankruptcy court. It claims that discrete decision is final because the order ends the litigation with respect to the sufficiency of the notice of appeal. However, this argument is flawed. It is true that in the bankruptcy context courts have recognized the appropriate "judicial unit" for purposes of the finality requirement as something less than the resolution of the overall bankruptcy case; in bankruptcy, the "judicial unit" for purposes of finality refers to the individual or discrete adversarial proceeding or controversy within the larger case. *E.g.*, *Adelman v. Fourth Nat'l Bank & Trust Co. (In re Durability, Inc.)*, 893 F.2d 264, 266 (10th Cir. 1990). Accordingly, we look to the district court order as a whole to determine whether it has resolved the individual adversarial proceeding. Here, the district court's order finding the notice of appeal sufficient did not resolve the adversarial proceeding. Rather, it allowed the case as a whole to continue. We refuse CF&I Fabricators' invitation to separate as discrete the notice of appeal's sufficiency. To do so would drastically undercut the policies underlying the finality doctrine. *See In re Bucyrus Grain Co., Inc.*, 905 F.2d at 1366 (refusing to

---

result, because under § 1291 we apply the same test for finality of district court decisions that remand matters to bankruptcy courts as under § 158. *E.g.*, *Temex Energy, Inc.*, 968 F.2d at 1005.

-8-

find remanded matters constituted a separate judicial unit from unremanded issues). Therefore, we will not consider the district court's refusal to dismiss the former employees' appeal for lack of jurisdiction as a final order with regard to a discrete judicial unit.

Indeed, even were we to look solely to the district court's holding on the jurisdictional issue, we have repeatedly held that denial of a motion to dismiss for lack of jurisdiction is not immediately reviewable. *John E. Burns Drilling Co. v. Central Bank of Denver*, 739 F.2d 1489, 1491 (10th Cir. 1984) (citing *Catlin v. United* States, 324 U.S. 229, 236 (1945)); *see also In re Cascade Energy & Metals Corp.*, 956 F.2d at 937; *In re Magic Circle Energy Corp.*, 889 F.2d at 954 (citing *Catlin*). Such decisions lack finality, *John E. Burns Drilling*, 739 F.2d at 1491; the appellant must wait until the bankruptcy court enters its final judgment before appealing the jurisdictional issue, *In re Magic Circle Energy Corp.*, 889 F.2d at 954, or must make an interlocutory appeal pursuant to 28 U.S.C. § 1292. *See supra* note 3.

Having determined the district court's order is not appealable as a final order under § 158(d), we must decide whether either of two limited exceptions to the finality requirement are applicable: practical (or pragmatic) finality, or the collateral order doctrine.

Practical finality allows a court to assume jurisdiction where the "danger of injustice by delaying appellate review" outweighs the policies underlying the finality rule. *Bender v. Clark*, 744 F.2d 1424, 1427 (10th Cir. 1984). However, this exception "has lived a checkered life in both our court and the United States Supreme Court," *Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir.), *cert. denied*, 115 S. Ct. 197 (1994), and, since *Bender*, we have repeatedly stressed the narrowness of its application, reserving it only for truly "unique" or "exceptional" circumstances. *Albright v. UNUM Life Ins. Co.*, 59 F.3d 1089, 1094 (10th Cir. 1995); *Kennecott Corp.*, 14 F.3d at 1496. This case does not involve such circumstances. Here, just as in *Kennecott Corp.*, "the only real peril to the Appellants is the cost of extraneous litigation." 14 F.3d at 1496. Although later review by this court may show the proceedings on remand to have been inappropriate due to an erroneous jurisdictional ruling by the district court, the "cost of a wasted proceeding does not justify immediate appeal." *Id.* (citing 15A Charles A. Wright et al., *Federal Practice and Procedure* § 3913, at 473 (1992)).

CF&I Fabricators notes other circuits have expressed a greater willingness to apply practical finality in the bankruptcy context because of the somewhat unique nature of such proceedings. *See, e.g.*, *Bonner Mall Partnership v. U.S. Bancorp Mortgage Co. (In re Bonner Mall Partnership)*, 2 F.3d 899, 903 (9th Cir.

1993); *F/S Airlease II, Inc. v. Simon*, 844 F.2d 99, 103-04 (3d Cir. 1988).

However, we have repeatedly refused to adopt the more flexible standard of finality some circuits apply in identifying final bankruptcy orders; instead, we continue steadfastly to interpret bankruptcy finality in traditional terms. *E.g.*, *In re Buckner*, 66 F.3d at 265; *In re Magic Circle Energy Corp.*, 889 F.2d at 953. It is enough that one panel cannot overrule another panel, *see, e.g.*, *Starzynski v. Sequoia Forest Indus.*, 72 F.3d 816, 819 (10th Cir. 1995), to ensure our keeping to this precept. Accordingly, we do not find the district court's order to be practically final.

The second exception to which the debtor directs our attention is the collateral order doctrine, which derives from *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). To fall within the *Cohen* exception, "an order must '[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from final judgment.'" *Kennecott Corp.*, 14 F.3d at 1492 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)). Because an order is not within the scope of this exception unless it meets all three requirements, if one is not met, we need not discuss the others. *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 375 (1987). Here, we have already noted that after this adversarial proceeding attains finality, upon appeal we would

then have jurisdiction to review the district court's decision regarding the adequacy of the notice of appeal. *See Masunaga v. Stoltenberg (In re Rex Montis Silver Co.)*, 87 F.3d 435, 437-38 (10th Cir. 1996). We could at that time vacate the district court's opinion for lack of jurisdiction and reinstate the bankruptcy court's original opinion of June 16, 1994. Thus, the third *Cohen* requirement is not satisfied, rendering the collateral order exception inapplicable to the district court's order.

Because the district court's order was neither a final order nor within any recognized exception to the final order rule, we are without jurisdiction to hear this appeal.

**DISMISSED**.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge