F I L E D
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MAR 3 1998

PATRICK FISHER
Clerk

THELMA PATTERSON,

      Appellant,

v.

KENNETH L. SPEARS; LOLA FAYE
DENTON,

      Appellees.

No. 97-6261
(D.C. No. 96-CV-1325)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY** and **LUCERO**, Circuit Judges.

      Thelma Patterson was sued in bankruptcy court by Ken Spears, the trustee

of her daughter's bankruptcy estate, and by Washita State Bank, one of her

daughter's creditors. The bankruptcy court issued its final order, determining,

inter alia, that Native Elm, a mobile home park that Ms. Patterson claimed to

own, was her daughter's corporate alter ego and therefore part of the bankruptcy

estate. Patterson then appealed to the District Court for the Western District of

---

[*]The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

Oklahoma.  The district court affirmed several elements of the order below, but reversed and remanded the bankruptcy court's determination of Native Elm's alter ego status.  Patterson now appeals the district court's affirmance of the bankruptcy court.

We must dismiss Patterson's appeal for lack of jurisdiction.  For appellate jurisdiction to lie, the district court must have entered a final order.  See 28 U.S.C. § 158(d); In re Buckner, 66 F.3d 263, 265 (10th Cir. 1995).  It has not done so.

The district court determined that the bankruptcy court applied an incorrect legal standard to determine whether Native Elm was the daughter's alter ego, and reversed and remanded for "consideration of whether [Patterson's daughter] used Native Elm as part of a design or scheme to perpetrate a fraud."  Appellant's App. at 74.  "A district court order reversing the bankruptcy court and remanding for significant further proceedings is not final and appealable under 28 U.S.C. § 158(d)."  Buckner, 66 F.3d at 265.  The proceedings on remand, involving complex determinations of fact, are more than "mere 'ministerial' computations involving little judicial discretion," and therefore constitute "significant further proceedings."  Id. (quoting Rubner & Kutner, P.C. v. United States Trustee (In re Lederman Enters., Inc.), 997 F.2d 1321, 1323 (10th Cir. 1993)).  Hence, no final, appealable order has yet been entered, and we are without jurisdiction.

DISMISSED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge