**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JIMMY C. CHISUM,

Defendant-Appellant.

No. 05-7124
(D.C. No. 05-CR-43-W)
(E.D. Okla.)

**ORDER AND JUDGMENT**

Before **KELLY, LUCERO,** and **TYMKOVICH**, Circuit Judges.

Jimmy C. Chisum moves for an emergency stay of his criminal trial for income tax evasion, which was set to begin on November 28, 2005. The motion was not filed in this court until November 28. The basis of his motion is that the Tenth Circuit should resolve before trial his interlocutory appeal from the district court's orders denying his pretrial motions. Notwithstanding the untimeliness of his motion, because we conclude that we have no jurisdiction over the underlying appeal, we dismiss the appeal and deny the emergency motion for stay.

Mr. Chisum's notice of appeal asserts that the district court's denial of his pre-trial motion to dismiss the case for failure to allege a crime, to state a charge,

or to issue a target letter violates his right to freely exercise his religion and his right to due process, and subjects him to involuntary servitude under the Thirteenth Amendment.

Appellate jurisdiction over the underlying appeal is a prerequisite for this court's consideration of a stay pending appeal. *Desktop Direct, Inc. v. Digital Equip. Corp.*, 993 F.2d 755, 756-57 (10th Cir. 1993). This court has an independent duty to examine its own jurisdiction in the first instance. *Maier v. EPA,* 114 F.3d 1032, 1036 (10th Cir. 1997). We have jurisdiction over "appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. A decision is considered final under this section when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Gray v. Baker,* 399 F.3d 1241, 1244 (10th Cir. 2005) (quotation marks omitted). Clearly, the district court's orders have not ended the litigation and are not final.

Interlocutory review of non-final decisions is warranted for a "small class [of cases] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). "To establish jurisdiction under the collateral order

doctrine, defendants must establish that the district court's order (1) conclusively determined the disputed question, (2) resolved an important issue completely separate from the merits of the case, and (3) is effectively unreviewable on appeal from a final judgment." *Gray,* 399 F.3d at 1245. It does not appear that the district court's order in this case concerned issues separate from the merits of the criminal trial, thus it is not a reviewable interlocutory order. We need not reach the other two prongs of the collateral order test. *See Magic Circle Energy 1981-A Drilling Program v. Lindsey (In re Magic Circle Energy Corp.*), 889 F.2d 950, 954 (10th Cir. 1989) (noting that this court need not address all prongs of the test if any one is not satisfied).

Because we conclude that the district court's denial of Mr. Chisum's motion is not a final decision nor an appealable collateral order, we must dismiss this appeal for lack of jurisdiction. We therefore deny the emergency motion for stay.

The appeal is **DISMISSED** and the motion for emergency stay is **DENIED.**

Entered for the Court
PER CURIAM
