**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 23, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re: GARY LEE BRYAN,

      Debtor.

_____

M. STEPHEN PETERS, Chapter 7
Trustee,

      Plaintiff-Appellee,

v.

GARY LEE BRYAN; JANEL K.
BRYAN; AUTO SOURCE, LLC;
BRAD HUNT, as Trustee of the Bryan
Family Trust,

      Defendants-Appellants.

No. 10-1503
(D.C. No. 1:09-CV-01366-WDM)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The bankruptcy court included property belonging to the Bryan Family Trust ("Trust") in Gary Lee Bryan's ("Bryan") bankruptcy estate. The district court affirmed. Bryan, Janel K. Bryan, and Brad Hunt ("Appellants")[1] now appeal from the district court's decision.[2] We affirm.[3]

The parties are familiar with the facts and the procedural posture of the case; we will not repeat them unnecessarily. The issue here is whether the bankruptcy court erred in concluding the Trust was an invalid spendthrift trust. Appellants contend the validity of the Trust's spendthrift clause was not properly before the bankruptcy court. Instead, they argue, the trustee of the bankruptcy estate, appellee M. Stephen Peters ("Trustee"), advanced two different grounds for invalidating the Trust: (1) the Trust was created with the intent to defraud creditors (e.g., it was a sham trust); and (2) the Trust was void under Colorado

---

[1] The motion and renewed motion to dismiss Auto Source, LLC as a party to this appeal are granted.

[2] The district court reversed two portions of the bankruptcy court's decision and remanded for further proceedings regarding those issues. Appellee has moved to dismiss this appeal, arguing the district court order is not final because the remand to the bankruptcy court anticipates significant further proceedings. We disagree. The district court's order requires the bankruptcy court to perform a ministerial task involving no "exercise of considerable judicial discretion," and no significant further proceedings. *See State Bank of Spring Hill v. Anderson (In re Bucyrus Grain Co.)*, 905 F.2d 1362, 1366 (10th Cir. 1990) (citation and quotation omitted). We therefore deny the motion to dismiss for lack of jurisdiction.

[3] Our jurisdiction derives from 28 U.S.C. § 158(d)(1).

law because Bryan was both a settlor and a beneficiary with substantial control over the disposition of Trust assets.

"In an appeal in a bankruptcy case, we independently review the bankruptcy court's decision, applying the same standard as the . . . district court." *Miller v. Bill and Carolyn Ltd. P'ship (In re Baldwin)*, 593 F.3d 1155, 1159 (10th Cir. 2010). "We thus review the bankruptcy court's legal determinations de novo and its factual findings for clear error." *Id.*

"Section 541 of the Bankruptcy Code, 11 U.S.C. § 541, includes in the bankruptcy estate essentially all beneficial ownership interests of a debtor unless the interest contains 'a restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law.'" *Gladwell v. Harline* (*In re Harline*), 950 F.2d 669, 670 (10th Cir. 1991) (quoting 11 U.S.C. § 541(c)(2)) (alteration and emphasis omitted). "A beneficial interest in an ordinary spendthrift trust would clearly qualify for the exemption if the state courts would hold that creditors could not reach the interest." *Id.* The Trust is governed by Colorado law.

The bankruptcy court's decision may be upheld on at least one of the grounds the Trustee pled and argued—the Trust was a sham trust, unenforceable under Colorado law as a matter of public policy.[4] Contrary to Appellants'

---

[4] Appellants claim Trustee did not plead or assert in the pretrial order the

(continued...)

-3-

arguments, the bankruptcy court explicitly concluded the Trust was a sham.[5]  *See*

Aplt. App. at 154, 164.  Colorado will not enforce a sham trust.  *See In re Cohen*,

8 P.3d 429, 433 (Colo. 1999) (per curiam) ("It is against public policy to permit a

man to tie up his own property in such a way that he can still enjoy it but can

prevent his creditors from reaching it." (internal quotation marks omitted)); *id.* at

433-34 (stating if trustee were bound to follow trust beneficiary's orders

regarding trust proceeds, "we would be forced to conclude that the Trust 'was

illusory and fraudulent' as against any creditors of" beneficiary); *Exchange Nat'l*

*Bank of Colo. Springs v. Sparkman*, 554 P.2d 1090, 1092 (Colo. 1976) ("Only

when the trust is completely illusory, such as when the putative settlor reserves

possession and control in all particulars, will it be deemed invalid.") (internal

---

[4](...continued)
invalidity of the spendthrift trust.  Accordingly, they argue, the bankruptcy
court's decision was based upon a theory not pled, not preserved by the pretrial
order, and not tried by the consent of the parties.  We need not wade through
Appellants' arguments about invalidity of the spendthrift provisions because they
matter not.

[5]     Appellants argue that the bankruptcy court never found the Trust was a
sham trust.  This is incorrect.  *See* Aplt. App. at 154 ("The extent of a debtor's
control over a trust bleeds into the analysis of whether the trust is unenforceable
as against public policy or a 'sham trust.'"); *id.* (discussing the legal standards for
a sham trust and concluding "the evidence regarding dominion and control,
disregard for formalities and, ultimately, a disregard for the existence of a trust
entity separate and apart from the Bryans is overwhelming"); *id.* at 164 ("Based
upon this analysis of all the evidence, the Court concludes that the Trust is a sham
trust because:  (a) the Bryans exercised complete dominion and control over the
Trust and the purported trust assets; (b) the Bryans ignored formalities; (c) the
Bryans used Trust property as their own; and (d) the integrity of the Trust was
disregarded.").  The Trust was indisputably a sham.

quotation marks omitted); *see also Connolly v. Baum (In re Baum)*, 22 F.3d 1014, 1017 (10th Cir. 1994) ("[I]f the trusts are shams or otherwise void under Colorado law the trust property is includable in the bankruptcy estate.").

The judgment is AFFIRMED.  The motion and renewed motion to dismiss Auto Source, LLC as a party to this appeal are GRANTED.  The motion to dismiss for lack of jurisdiction is DENIED.

Entered for the Court


Terrence L. O'Brien
Circuit Judge