TYMKOVICH, Chief Judge.
This appeal arises out of an adversary proceeding brought by the trustee of a Chapter 7 bankruptcy estate to determine *1081 how to divide the proceeds from the sale of the debtor’s real property. Previous litigation has already established, among other things, the validity, priority, and extent of the various liens on the property. Bryan v. Peters (In re Bryan), 547 Fed.Appx. 892 (10th Cir. 2013) (unpublished); Peters v. Bryan (In re Bryan), 495 Fed.Appx. 884 (10th Cir. 2012) (unpublished). On remand from this court, the bankruptcy court divided the sale proceeds among the various parties. The bankruptcy court’s ruling left two of the parties dissatisfied, and they appealed to the Bankruptcy Appellate Panel (BAP).
In a thorough opinion, the BAP affirmed the bankruptcy court order in all respects but one. Peters v. Clark (In re Bryan), Nos. CO-15-020 & CO-15-024, 2016 WL 1170810 (10th Cir.BAP Mar. 25, 2016). In particular, the BAP concluded the bankruptcy court correctly declined to apply the doctrine of marshaling in favor of a secured creditor, because the common debtor requirement imposed by Colorado law was not satisfied. The BAP also concluded the bankruptcy court did not err in determining the bankruptcy estate was entitled to retain the proceeds from the sale of the property subject to a home equity line of credit hen, or in determining the amount due under that lien. But the BAP found the bankruptcy court erred under 11 U.S.C. § 506(c) by surcharging the secured collateral—and thereby reducing a secured creditor’s share—for expenses incurred contesting the validity of that secured creditor’s hen. This decision led to a three-party cross-appeal to this court, and we exercise jurisdiction pursuant to 28 U.S.C. § 158(d)(1).
“Although this is an appeal from a BAP decision, ‘[this court] review[s] only the [bankruptcy [c]ourt’s decision.’ ” Rebein v. Cornerstone Creek Partners, LLC (In re Expert South Tulsa, LLC), 842 F.3d 1293, 1296 (10th Cir. 2016) (quoting Alder-ete v. Educ. Credit Mgmt. Corp. (In re Alderete), 412 F.3d 1200, 1204 (10th Cir. 2005)). “[This court] treat[s] the BAP as a subordinate appellate tribunal whose rulings may be persuasive but are not entitled to deference.” Id. Furthermore, “[mjatters of law are reviewed de novo, and factual findings (which are made only by the bankruptcy court, not by the BAP) are reviewed for clear error.” Id. (citing Gullickson v. Brown (In re Brown), 108 F.3d 1290, 1292 (10th Cir. 1997)).
We have conducted a complete and independent review, and with several caveats discussed below, affirm the BAP’s judgment and formally adopt its opinion for the court. The BAP opinion is attached as an appendix.
First, we find we have jurisdiction over this appeal. Under 28 U.S.C. § 158(d), this court only has jurisdiction over final orders from the BAP. “The BAP’s final decision is appealable when the BAP does not remand for ‘significant further proceedings.’ ” Clark v. Zwanziger (In re Zwanziger), 741 F.3d 74, 75 n.1 (10th Cir. 2014) (quoting Farmers Home Admin, v. Buckner (In re Buckner), 66 F.3d 263, 265 (10th Cir. 1995)). “ ‘[M]ere ministerial computations involving little ju dicial discretion’—like simple arithmetic— are not ‘significant further proceedings.’ ” Id. (quoting In re Buckner, 66 F.3d at 265). Here, the BAP remanded to the bankruptcy court to allocate costs into three conceptually and chronologically distinct categories, a task requiring little judicial discretion. This being the case, we conclude the BAP decision was a final order in the meaning of § 158(d), and that we therefore have jurisdiction to hear this appeal.
Second, we address specifically several arguments involving the BAP’s methodology and interpretation:
*1082 (1) The trastee argues the BAP based its 11 U.S.C. § 506(e) holding on its own unsupported findings, which were contrary to the findings of the bankruptcy court. We disagree. The BAP properly reviewed de novo the bankruptcy court’s application of the legal standard in § 506(c). BAP Op. at 16. The BAP’s holding—expenses incurred contesting the validity of a secured creditor’s lien cannot be said to provide a “benefit” to that secured creditor in the meaning of § 506(c)—is not based on a set of contrary factual conclusions. Rather, relying on the bankruptcy court’s factual findings, the BAP conducted a careful legal analysis of the meaning of “benefit” in § 506(c). BAP Op. at 19-23. This statutory interpretation—analyzing the text of the statute and the relevant case law—was nothing other than proper de novo review of a legal question.
(2) The trustee also argues the secured creditor failed to preserve the § 506(c) issue. This argument is belied by the trustee’s own submissions to this court. The secured creditor filed a written objection before the bankruptcy court objecting to the surcharge because the expenses did not benefit him. Peters App., Vol. I at 153-56. The trustee even mentions that objection elsewhere in his brief. Peters Br. at 42 (“[The secured creditor] objected to the Affidavit of Attorneys Fees submitted by the Trustee ... and the [c]ourt sustained the objection in part, reducing the fee request by approximately $10,000.”).
(3) Next, the trustee argues the BAP erred by disregarding the bankruptcy court’s finding that the trustee’s statutory commission could have been included in the § 506(c) surcharge, even though it was not. The trustee opted not to include the commission in the surcharge to allow the secured creditor some recovery. Because the commission would have been more money than the costs incurred contesting the validity of the secured creditor’s lien, argues the trustee, any error in the § 506(c) “benefit” analysis was harmless.
But this argument is unpersuasive. The trustee chose not to include his statutory commission in the surcharge. That choice was a litigation strategy that might have allowed the secured creditor some recovery. But that fact does not create a benefit where none exists. And the harmless-error doctrine, which the trustee cites, does not apply here. It applies only where “preserved trial errors ... do not affect the substantial rights of a complaining party.” Harry T. Edwards & Linda A. Elliott, Federal Standards of Review 79 (2007); see .also 28 U.S.C. § 2111 (“[T]he court shall give judgment ... without regard to errors or defects which do not affect the substantial rights of the parties.”). Here, a substantial right is at issue: the amount of money the secured creditor will receive.
(4)Finally, the BAP opinion resolves issues that have not been raised by the parties on appeal to this court. We therefore adopt the BAP’s opinion on the surcharge issue only to the extent that it addresses the costs incurred contesting the validity of the secured creditor’s lien, which the parties and the BAP refer to as the Lien Priority Adversary.
APPENDIX
Nos. 16-1172, 16-1213, 16-1214, In re Bryan