FILED
United States Court of Appeals
Tenth Circuit

August 23, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

In re: MALCOLM McCRAY
BLACKWELL, SR.,

    Debtor.

_____

MALCOLM McCRAY BLACKWELL,
SR.,

    Appellant,

v.

BANK OF AMERICA, N.A.; PATRICK
J. MALLOY, III, Chapter 7 Trustee,

    Appellees.

No. 17-5026
(BAP No. 16-027)
(Bankruptcy Appellate Panel)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal.  <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is, therefore, submitted without oral argument.

Malcolm McCray Blackwell, appearing pro se, appeals from an order of the Bankruptcy Appellate Panel (BAP) dismissing his appeal as untimely.  Exercising jurisdiction pursuant to 28 U.S.C. § 158(d)(1), we affirm.

I

On March 18, 2016, Blackwell filed a pro se Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Oklahoma.  The petition listed Bank of America as having a disputed lien in the amount of $40,479.41 against Blackwell's primary homestead, which Blackwell listed as having a value of approximately $50,000.00.

On July 7, 2016, the bankruptcy court, having received a report from the trustee indicating that there was no property available for distribution from the estate over and above that exempted by law, issued an order of discharge pursuant to 11 U.S.C. § 727.  The order noted, in pertinent part, that "a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated," and it stated, as an example, that "a creditor may have the right to foreclose a home mortgage."  Bankruptcy Docket No. 31 at 1.  On July 22, 2016, the bankruptcy court issued a final decree closing the case.

On October 5, 2016, Blackwell filed a pro se notice of appeal identifying the bankruptcy court's July 7, 2016 order of discharge as the subject of the appeal.

2

On February 8, 2017, the BAP issued a show cause order noting that Blackwell's notice of appeal was filed nearly three months after the date of the order that Blackwell was seeking to appeal, even though Federal Rule of Bankruptcy Procedure 8002(a)(1) requires that an appeal be filed within fourteen days from the date of the order appealed from. The show cause order directed Blackwell to file within fourteen days a memorandum of law providing a legal explanation as to why the appeal should not be dismissed for lack of jurisdiction.

On February 13, 2017, Blackwell responded to the BAP's show cause order by filing a pro se memorandum of law that, in large part, simply listed various cases, statutes and rules that Blackwell apparently believed were relevant to the issue identified in the BAP's show cause order. Blackwell's memorandum did not address the timeliness of his notice of appeal, and instead appeared to assert that, due to his pro se status, the BAP should essentially overlook the requirements of Rule 8002(a).

On February 27, 2017, the BAP dismissed the appeal as untimely. In doing so, the BAP emphasized that pro se litigants, such as Blackwell, must abide by the same rules of procedure that govern other litigants.

II

Blackwell now appeals from the BAP's order of dismissal. We review de novo the BAP's rulings on matters of law. In re Bryan, 857 F.3d 1078, 1081 (10th Cir. 2017).

Although Blackwell has filed a pro se appellate brief, the arguments contained therein are unintelligible and simply do not address the timeliness of the notice of appeal

3

that he filed with the BAP. Because Blackwell is proceeding pro se, however, we have conducted our own independent review of the record and agree with the BAP that Blackwell's appeal was untimely.

Federal Rule of Bankruptcy Procedure 8002 addresses the time for filing a notice of appeal in a bankruptcy case. Subsection (a)(1) thereof states that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1).

Here, it is undisputed that Blackwell filed his notice of appeal on October 5, 2016, well past the fourteen-day deadline set by Rule 8002(a)(1) for filing a notice of appeal challenging the bankruptcy court's July 7, 2016 order of discharge. Consequently, the BAP correctly dismissed Blackwell's appeal as untimely.

AFFIRMED. Blackwell's motions to proceed in forma pauperis and for an emergency stay pending appeal are DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

4