**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 6, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN SOUZA, in his capacity as
custodian of ELEVATE, INC.,

Petitioner - Appellant,

v.

W. WRIGHT THURSTON,

Respondent - Appellee.

No. 19-4002
(D.C. No. 2:18-MC-00023-DB)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **BALDOCK**, and **HOLMES**, Circuit
Judges.

Petitioner-Appellant John Souza seeks review of the district court's denial

of his motion for an order to compel Respondent-Appellee W. Wright Thurston to

comply with Mr. Souza's subpoena and to show cause why he should not be held

in contempt. The district court denied the motion after finding that, under the

circumstances, service by certified mail did not reasonably ensure receipt of the

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with FED. R. APP. P. 32.1 and 10TH
CIR. R. 32.1.

subpoena. Mr. Souza argues that we should reverse because the district court relied on a clearly erroneous finding of fact to reach its decision. We agree.

Mr. Thurston argues that even if the district court's decision was based on a clearly erroneous finding of fact, we should still affirm on the following alternative grounds: (1) Mr. Thurston never received the subpoena, (2) even if he had, Federal Rule of Civil Procedure 45 does not permit service by certified mail, and (3) even if it did, the subpoena was invalid on its face because it violates the 100-mile residency rule. We decline to address these issues. Instead, we leave these matters to the district court to decide—if necessary and appropriate—in the first instance. Exercising jurisdiction under 28 U.S.C. § 1291, we **reverse** and **remand** for additional proceedings consistent with this order and judgment.

# I

Mr. Souza is the custodian of Elevate, Inc., a Nevada corporation. The United States District Court for the District of Nevada granted Mr. Souza permission to issue subpoenas to non-parties in his custodian capacity. Pursuant to Rule 45[1] of the Federal Rules of Civil Procedure, on October 23, 2017, Mr.

---

[1] Under Rule 45, "[a] subpoena may command . . . production of documents, electronically stored information, or tangible things at a place within 100 miles of where the [recipient] resides, is employed, or regularly transacts business in person." FED. R. CIV. P. 45(c)(2)(A). "Serving a subpoena requires delivering a copy to the named person." *Id.* at 45(b)(1). "The court for the district where compliance is required . . . may hold in contempt a person who,

(continued...)

2

Souza issued a subpoena to Mr. Thurston, the former C.E.O. of Elevate.[2] The subpoena commanded production in Atlanta, Georgia of all corporate and banking records related to the company. It is undisputed that Atlanta is more than 100 miles from Mr. Thurston's residence in Midway, Utah. The front page of the subpoena, however, instructs the recipient to "see attached for additional instructions." Aplt.'s App. at 9 (Subpoena, dated Oct. 23, 2017). The attachment includes the following directions:

> To save money, the issuing attorney would prefer to receive the documents sought by mail, e-mail, or a shared cloud drive (DropBox, Google Drive, Box, etc.). However, should recipient demand that the issuing attorney appear at a physical location within 100 miles of the location of the recipient, the issuing attorney will secure a location within that area to do so.

*Id.* at 12.

The subpoena was sent via certified mail to Mr. Thurston's P.O. Box. It was eventually returned to sender marked "refused," with a hand-written notice date of October 27, 2017. Aplt.'s App. at 13 (certified-mail envelope in which

---

[1](...continued)
having been served, fails without adequate excuse to obey the subpoena or an order related to it." *Id.* at 45(g).

[2] Mr. Souza asks us to take judicial notice of "certain docket entries" and associated legal filings in the related case, No. 2:14-cv-01924-JAD-CWH, filed in the District of Nevada. Aplt.'s Opening Br. at 2 n.1. According to Mr. Souza, these items confirm that he is the custodian of Elevate, that he has authority to issue subpoenas in that capacity, and that Mr. Thurston is the former CEO of Elevate. Because these facts are undisputed, we do not need to take judicial notice of the docket entries and associated filings.

subpoena was mailed).  Mr. Souza then filed a motion in the District of Utah requesting an order to compel compliance with the subpoena and to show cause why Mr. Thurston should not be held in contempt.  Mr. Thurston responded by filing a memorandum in opposition to the motion, along with an unsworn declaration.

In his memorandum, Mr. Thurston made two overarching arguments.  First, he argued that Mr. Souza's motion to compel should be denied because Mr. Souza failed to serve the subpoena as required by Rule 45(b)(1).  To begin with, Mr. Thurston argued that Mr. Souza failed to serve the subpoena via hand-to-hand delivery.  According to Mr. Thurston, hand-to-hand delivery is required because Rule 45(b)(1) expressly states that the subpoena must be "deliver[ed] . . . to the named person."  *See* Aplee.'s Resp. Br. at 3 (quoting FED R. CIV. P. 45(b)(1)).  Moreover, as a factual matter, Mr. Thurston argued that the subpoena was not served because he never received it.

Second, Mr. Thurston argued that the court should quash the subpoena because it was facially defective.  In his view, the subpoena violated Rule 45 on its face by commanding production of documents over 100 miles from his residence.  *See* FED. R. CIV. P. 45(c)(2)(A) ("A subpoena may command . . . production of documents, electronically stored information, or tangible things at a

4

place within 100 miles of where the [recipient] resides, is employed, or regularly transacts business in person.").

In his attached, unsworn declaration, Mr. Thurston claimed that Mr. Souza "had regular contact with [him] for years through email, telephone, [and] mutual friends and could have determined how to contact [him] for service . . . but failed to do so." Aplt.'s App. at 35 (Unsworn Decl., filed Feb. 2, 2018). He acknowledged that the subpoena was sent to his P.O. Box, but claimed that he never received it and that he was unaware of Mr. Souza's attempts to serve him. He said that mail sent to the P.O. Box is usually retrieved by "agents, affiliates or family," and that he "only rarely" retrieves it himself. *Id.* at 36. According to his declaration, Mr. Thurston did not personally retrieve the mail on October 27, 2017, nor was he aware of any family member or agent picking it up for him on that date.

Mr. Thurston further insisted that he was never presented with a copy of the certified letter, nor did he refuse it or cause someone else to refuse it on his behalf. The signature on the declaration is typed, not hand-written. The declaration states that Mr. Thurston "declare[s] under criminal penalty of the State of Utah, pursuant to Utah Code Ann. § 78B-5-708, that the . . . declaration

5

is true and correct to the best of [his] knowledge." *Id.* The declaration does not mention 28 U.S.C. § 1746.[3]

Mr. Souza filed a reply brief. In his reply, he argued that (1) service by certified mail is permitted under Rule 45; (2) the subpoena did not violate the 100-mile rule because, in the attachment to the subpoena, counsel specifically offered to secure a location within 100 miles of Mr. Thurston's residence for production of the documents; and (3) the fact that the envelope was returned to

---

[3]    28 U.S.C. § 1746 reads as follows:

Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . . , such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

(1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).
        (Signature)".

(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
        (Signature)".

6

sender marked "refused" was evidence that it was indeed delivered to Thurston, who simply refused to accept it.

The magistrate judge denied Mr. Souza's motion to compel on two grounds. First, the magistrate judge held that service of the subpoena via certified mail was improper under the circumstances. In reaching this holding, the magistrate judge acknowledged that there is no binding precedent in the Tenth Circuit addressing whether Rule 45 requires hand-to-hand service. Thus, the magistrate judge relied on the district court's own precedent treating certified mail as an acceptable means of *alternative* service, "usually granted via motion *after* some attempts by personal service have proven unsuccessful." *Id.* at 56 (Mem. Decision & Order, filed Sept. 4, 2018) (emphasis added). The magistrate judge then held that "alternative service would not be warranted" under the circumstances here because "the *first attempt* at service was through certified mail at a P.O. Box, even though [Mr. Souza] had a residential address." *Id.* at 56–57 (emphasis added). Second, the magistrate judge found that the subpoena was facially defective because it commanded the production of documents over 100 miles away from where Mr. Thurston lived, in violation of Rule 45(c)(2). In reaching this holding, the magistrate judge refused to consider Mr. Thurston's declaration because "it cite[d] the state statute instead of 28 U.S.C. § 1746 and [wa]s not signed." *Id.* at 57 n.12.

7

Mr. Souza filed an objection to the magistrate judge's ruling in which he argued, among other things, that a showing of need is not required to permit service by certified mail under Rule 45. Instead, he argued that a means of service is permitted under this rule, so long as it reasonably ensures actual receipt of the subpoena. He also argued that the magistrate judge's "presum[ption]" that he had Mr. Thurston's residential address "at the time the subpoena was served" was "erroneous[]." *Id.* at 63 n.2 (Obj. to Magistrate Ruling, filed Sept. 17, 2018).

The district court overruled Mr. Souza's objection without attempting to resolve the disputed Rule 45 issues. Instead, the court appeared to assume for the sake of argument that Mr. Souza's proposed legal standard was correct. It then held that Mr. Souza's motion failed under even his own standard because, "[u]nder these circumstances, certified mail did not reasonably [e]nsure receipt of the subpoena." *Id.* at 69 (District Ct. Order, filed Dec. 4, 2018). This holding was based on two key findings of fact: (1) Mr. Thurston claimed he "never received notice of the subpoena until th[e] suit was filed," and (2) Mr. Souza's "first attempt at service was through certified mail at a P.O. Box," even though he "had a residential address." *Id.* Mr. Souza appealed to this court. He argued, among other things, that the district court's finding that he had Mr. Thurston's

8

residential address at the time he mailed the subpoena to the P.O. Box was clearly erroneous. We agree.[4]

## II

### A

Typically, we review a district court's rulings on subpoenas under an abuse-of-discretion standard. *See EEOC v. Dillon Cos., Inc.*, 310 F.3d 1271, 1274 (10th Cir. 2002); *United States v. Castorena-Jaime*, 285 F.3d 916, 930 (10th Cir. 2002). "Neither party" argues that a different standard applies when, as here, the district court "affirms a magistrate judge's [discovery order], rather than deciding the issue in the first instance." *Boxer F2, L.P. v. Bronchick*, 722 F. App'x 791, 797 (10th Cir. 2018) (unpublished). Moreover, in persuasive unpublished decisions, panels of this court have applied the abuse-of-discretion standard under similar circumstances. *See Fisher v. Sw. Bell Tel. Co.*, 361 F. App'x 974, 977 (10th Cir. 2010) (unpublished) (reviewing for abuse of discretion

---

[4] Notably, Mr. Souza also has argued that the district court's finding that Mr. Thurston never received the subpoena was clearly erroneous because the court's finding could only have been based on Mr. Thurston's unsworn declaration, which did not meet the requirements of 28 U.S.C. § 1746. Because we agree that the district court clearly erred in finding that Mr. Souza had Mr. Thurston's residential address at the time the subpoena was issued, we have no need to reach this additional argument in resolving this appeal and, therefore, do not do so. *See, e.g.*, *Aptive Envtl., LLC v. Town of Castle Rock*, 959 F.3d 961, 999 (10th Cir. 2020) ("Because Castle Rock has failed at this second step of the *Central Hudson* [First Amendment] analysis, we need not and do not proceed to the final step.").

the district court's decision to affirm discovery orders entered by magistrate judges); *see also Microsoft v. MBC Enters.*, 120 F. App'x 234, 243 (10th Cir. 2004) (unpublished) (explaining that a district court reviews a magistrate judge's discovery order for abuse of discretion, while "[w]e in turn review a district court's discovery-related rulings for abuse of discretion."). For these reasons, we review the district court's decision here to affirm the magistrate judge's order for abuse of discretion.

"A district court abuses its discretion when it bases a decision on either a clearly erroneous finding of fact or an erroneous conclusion of law, or when its ruling manifests a clear error of judgment." *Vallario v. Vandehey*, 554 F.3d 1259, 1264 (10th Cir. 2009); *see Cartier v. Jackson*, 59 F.3d 1046, 1048 (10th Cir. 1995) ("In reviewing a court's determination for abuse of discretion, we will not disturb the determination absent a distinct showing it was based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment."). "A factual finding is 'clearly erroneous' when 'it is without factual support in the record, or if the appellate court, after reviewing all the evidence, is left with the definite and firm conviction that a mistake has been made.'" *In re Bryan*, 857 F.3d 1078, 1091 (10th Cir. 2017) (quoting *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)).

**B**

One of the key factual findings that the district court relied on—specifically, that Mr. Souza had Mr. Thurston's home address when he made his first attempt to serve the subpoena via certified mail—is unsupported by the record. Therefore, it is clearly erroneous, and the district court's denial of the motion to compel—based in significant part on this finding—was an abuse of discretion.

More specifically, there is no evidence in the record that Mr. Souza had Mr. Thurston's residential address at the time the subpoena was mailed. The district court apparently inferred that Mr. Souza had the home address from the fact that it was listed on the certificate of service for his motion to compel compliance. But this inference strikes us as implausible because the motion to compel was filed over two months *after* the subpoena was mailed; therefore, the fact that Mr. Thurston's address was on the certificate of service says nothing about whether Mr. Souza had the address at the time (two months earlier) when the subpoena was mailed.[5]

---

[5] Though it is unnecessary to rely on this point, and therefore we do not, we note that Mr. Thurston's counsel himself appears to have recognized the unreasonable nature of the inference. Specifically, when asked whether it was reasonable for the district court to infer that Mr. Souza had Mr. Thurston's home address merely because it was listed on the certificate of service for his motion to compel compliance, he said "no." *See* Oral Arg. 27:36.

11

The problematic nature of the district court's reliance on this factual inference is underscored by at least two points:

- first, Mr. Souza vigorously objected to the magistrate judge's finding that he had Mr. Thurston's home address at the time he mailed the subpoena—which at the very least should have put the district court on notice that this fact was not undisputed and should not be accepted absent further inquiry or fact-finding, *see* Aplt.'s App. at 63 n.2—and

- second, there was record evidence that actually supported Mr. Souza's position that he did *not* have the address—*viz*., a "Boxholder Information" form that Mr. Souza's counsel submitted to the Postal Service requesting Mr. Thurston's residential address, dated the same day the subpoena was mailed, which certainly suggests that Mr. Souza's counsel was seeking information that he did not already have, *see id.* at 15.

Accordingly, we conclude that the district court's factual finding concerning Mr. Souza's knowledge of Mr. Thurston's residential address at the time he issued the subpoena was not supported by the record. It is thus clearly erroneous. *See In re*

12

*Bryan*, 857 F.3d at 1091. And because the district court relied in significant part on this clearly erroneous finding in denying Mr. Souza's motion to compel, the court abused its discretion, and we are constrained to reverse.

**III**

Mr. Thurston argues that we should affirm the district court's decision in any event on the following alternative grounds: (1) Mr. Thurston never received the subpoena, (2) even if he had, Rule 45 does not permit service by certified mail, and (3) even if it did, the subpoena was invalid on its face because it violated the 100-mile residency rule. We decline to consider these issues. While the magistrate judge addressed Mr. Thurston's disputed Rule 45 arguments, the district court did not. And we have repeatedly held that "the better practice" is to "leav[e] [alternate grounds for affirmance] to the district court in the first instance." *Evers v. Regents of Univ. of Colo.*, 509 F.3d 1304, 1310 (10th Cir. 2007); *see Pac. Frontier v. Pleasant Grove City*, 414 F.3d 1221, 1238 (10th Cir. 2005) ("Where an issue has been raised, but not ruled on, proper judicial administration generally favors remand for the district court to examine the issue initially."). This is especially true where, as here, there appear to be unresolved questions of fact that may have some bearing on the legal propriety of Mr. Souza's attempted service of Mr. Thurston by certified mail. *See, e.g., Sabol v. Snyder*, 524 F.2d 1009, 1011 (10th Cir. 1975) ("It is obviously not the function of

13

the appellate court to try the facts or substitute for the trial court in the determination of factual issues."); *cf. United States v. Gaines*, 918 F.3d 793, 802 (10th Cir. 2019) ("Mr. Gaines asks us to remand for the district court to decide the issue in the first instance. We grant this request. The inquiry on reasonable suspicion ordinarily entails a fact-intensive inquiry better suited to the district court than to our court.").

Therefore, we adopt the "better practice" here and leave the Rule 45 issues for the district court to resolve—if necessary and appropriate—in the first instance.

## IV

In light of the foregoing, we **REVERSE** and **REMAND** for additional proceedings consistent with this order and judgment.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge