FILED
United States Court of Appeals
Tenth Circuit

April 1, 2021

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

In re: HOLLY MACINTYRE,

    Debtor.

------------------------------

HOLLY MACINTYRE,

    Plaintiff - Appellant,

v.

JP MORGAN CHASE BANK, N.A.,

    Defendant - Appellee.

No. 20-1199
(BAP No. 19-039-CO)
(Bankruptcy Appellate Panel)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

After concluding her bankruptcy case, Holly MacIntyre resisted JPMorgan

Chase Bank, N.A.'s efforts to foreclose a non-discharged lien on real property she

owned.  She then reopened her bankruptcy case and filed an adversary proceeding

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

claiming Chase violated her bankruptcy discharge injunction by seeking an award of attorneys' fees for defending Ms. MacIntyre's appeal of its foreclosure judgment. Chase never attempted to collect those fees, and according to the complaint, never intended to collect them. The bankruptcy court dismissed Ms. MacIntyre's complaint for failure to state a claim in part because it concluded Chase's alleged acts did not violate the discharge injunction. The bankruptcy appellate panel (BAP) affirmed. Exercising jurisdiction under 28 U.S.C. § 158(d)(1), we affirm.

## I. Background

"Ms. MacIntyre owned real property in Jefferson County, Colorado. In 2003, she executed a $100,000 promissory note secured by a deed of trust on the property." *MacIntyre v. JP Morgan Chase Bank, N.A.*, 827 F. App'x 812, 814 (10th Cir. 2020). Ms. MacIntyre filed for chapter 7 bankruptcy in 2010. The bankruptcy estate abandoned its interest in the property back to Ms. MacIntyre, though the property remained subject to the deed of trust. The bankruptcy court granted Ms. MacIntyre a discharge in 2011 and closed her bankruptcy case.

"In 2014, Chase, asserting it was the note holder, sought a foreclosure judgment in state court authorizing a sale of the property." *Id.* Ms. MacIntyre fought Chase. The trial court "rejected Ms. MacIntyre's assertion that Chase's note was forged, concluded Chase was the note holder, and issued a judgment of judicial foreclosure." *Id.*

"Ms. MacIntyre appealed to the Colorado Court of Appeals (CCA) and filed three motions to stay execution of the judgment—one in the trial court and two in the

2

CCA.  All three were denied . . . ." *Id.*  In its answer brief filed with the CCA, Chase sought attorneys' fees incurred in connection with the appeal.  But it did not specify whether the fees should be awarded in rem or as a personal obligation of Ms. MacIntyre.  After Chase filed its brief but before the CCA ruled on Chase's request for attorneys' fees, "the property was sold at a sheriff's sale," *id.*  The CCA then affirmed the foreclosure judgment, awarded attorneys' fees to Chase, and remanded for the trial court to determine the amount of fees to be awarded to Chase. The CCA did not specify whether the attorneys' fees award should be a personal obligation of Ms. MacIntyre.  On remand, Chase notified the trial court that it would "***not*** seek the recovery of its awarded appellate attorneys' fees and costs in this action."  Aplt. App. at 154 (internal quotation marks omitted).

Ms. MacIntyre then reopened her bankruptcy case and filed an adversary proceeding pro se seeking to hold Chase in contempt for violating her discharge injunction via its answer brief filed in the CCA that sought attorneys' fees.[1]  The bankruptcy court dismissed Ms. MacIntyre's complaint under Federal Rule of Bankruptcy Procedure 7012 and Federal Rule of Civil Procedure 12(b)(6).  The BAP affirmed.

---

[1] Ms. MacIntyre also filed a civil action against Chase, alleging Chase engaged in fraud during the foreclosure proceedings.  We affirmed the district court's dismissal of that action.  *MacIntyre*, 827 F. App'x at 814.

3

## II. Discussion

"Although this is an appeal from a BAP decision, we review only the [b]ankruptcy [c]ourt's decision." *Rebein v. Cornerstone Creek Partners, LLC* (*In re Expert S. Tulsa, LLC*), 842 F.3d 1293, 1296 (10th Cir. 2016) (citation and internal quotation marks omitted). We review the bankruptcy court's ruling on a "motion to dismiss in an adversary proceeding de novo." *Rajala v. Spencer Fane LLP* (*In re Generation Res. Holding Co.*), 964 F.3d 958, 965 (10th Cir. 2020). "In ruling on a motion to dismiss for failure to state a claim, all well-pleaded *facts*, as distinguished from conclusory allegations, must be taken as true, and the court must liberally construe the pleadings and make all reasonable inferences in favor of the non-moving party." *Id.* (brackets and internal quotation marks omitted). Because Ms. MacIntyre appears pro se, we construe her filings liberally but do not serve as her advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

A bankruptcy discharge order "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any [discharged] debt *as a personal liability of the debtor*." 11 U.S.C. § 524(a)(2) (emphasis added). But the discharge injunction "does not preclude *in rem* actions by secured creditors," and "valid liens may be enforced." *Chandler Bank of Lyons v. Ray*, 804 F.2d 577, 579 (10th Cir. 1986) (per curiam); *see also Johnson v. Home State Bank*, 501 U.S. 78, 83–84 (1991) ("[A] creditor's right to foreclose on [a] mortgage survives or passes through the bankruptcy. . . . [A] bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an

4

action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*.").

"Under 11 U.S.C. § 105(a), bankruptcy courts have the equitable power to enforce and remedy violations of substantive provisions of the Bankruptcy Code, including in particular the discharge injunction in § 524(a)(2)." *Paul v. Iglehart* (*In re Paul*), 534 F.3d 1303, 1306 (10th Cir. 2008). But a court may hold a creditor in contempt only "if there is *no fair ground of doubt*" as to whether the creditor's conduct violated the discharge injunction. *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1799 (2019).

The complaint's factual allegations leave fair ground to doubt whether Chase sought or obtained an award of attorneys' fees "as a personal liability" of Ms. MacIntyre in violation of § 524(a)(2). The complaint acknowledges the judgment on appeal to the CCA was "purely in rem." Aplt. App. at 151. And it does not allege Chase sought an award of fees as a personal liability of Ms. MacIntyre or that the CCA's award of fees was a personal liability of Ms. MacIntyre. It instead posits Chase only sought an award of attorneys' fees on appeal "to keep the otherwise moot appeal artificially alive," *id.* at 152, and that "Chase never intended to collect the award [of attorneys' fees] it sought and won," *id.* at 154.[2] The

---

[2] In Ms. MacIntyre's view, if the appeal had become moot, Chase's foreclosure judgment would have been vacated. The complaint alleges Chase requested attorneys' fees as part of a "scheme to avoid mootness" so it could proceed with foreclosure. Aplt. App. at 153. But the complaint does not allege Chase's effort to avoid mootness aided its effort to collect a discharged debt. We therefore need not consider the propriety of Chase's alleged scheme. *See, e.g.*, *In re Paul*, 534 F.3d

5

complaint further acknowledges Chase did "not seek the recovery of its awarded appellate attorneys' fees." *Id.* (emphasis and internal quotation marks omitted).

Ms. MacIntyre attempts to bolster the complaint's allegations by arguing that because Chase "made a pre-foreclosure-sale request for a post-foreclosure-sale award of attorney's fees[,] . . . [t]he award would . . . have to be *in personam*." Aplt. Opening Br. at 14 (emphasis omitted). She cites no authority for this proposition yet reasons it must be true "because the bid to which the *in rem* fees would have been added was gone forever as of the sale date." Aplt. Reply Br. at 14. But her complaint alleges Chase "knew, when [it] requested the award . . . that it would not be collectable following the foreclosure sale," Aplt. App. at 154, and "remembered *not* to tell the [CCA] that the attorney's fees would be uncollectable after the foreclosure sale," *id.* at 153. The foreclosure sale would only render the award of attorneys' fees uncollectable if the award were in rem. And Ms. "MacIntyre concedes that if the appeal [to the CCA] had been resolved before the [foreclosure] sale, the appellate fees could have been collected as part of the *in rem* judgment." Aplt. Reply Br. at 14 (quoting Aplee. Br. at 20). The allegations in the complaint therefore leave a "*fair ground of doubt*," *Taggart*, 139 S. Ct. at 1799, as to whether Chase sought or obtained its award of fees "as a personal liability," 11 U.S.C.

---

at 1308 ("[T]he presence of some other procedural impropriety or error in connection with the creditor's action will not give rise to a violation of the discharge injunction if the objective effect is not to coerce payment of a discharged debt.").

§ 524(a)(2), of Ms. MacIntyre. So the complaint fails to state a claim upon which relief can be granted.

Because we hold Ms. MacIntyre failed to state a claim, we need not consider whether the bankruptcy court correctly concluded that it lacked subject matter jurisdiction to grant her requested remedy of "[s]triking the illicit award from the [CCA's] Opinion as void," Aplt. App. at 155. *See Griffin v. Davies*, 929 F.2d 550, 554 (10th Cir. 1991) ("We will not undertake to decide issues that do not affect the outcome of a dispute."). And our disposition of this appeal renders moot Ms. MacIntyre's arguments that the BAP abused its discretion by denying her motion for a rehearing because "[t]his court treats the BAP as a subordinate appellate tribunal whose rulings may be persuasive but are not entitled to deference." *Peters v. Clark* (*In re Bryan*), 857 F.3d 1078, 1081 (10th Cir. 2017) (brackets and internal quotation marks omitted).

### III. Conclusion

The BAP's judgment is affirmed.

Entered for the Court

Jerome A. Holmes
Circuit Judge